## CORLIES & CORLIES vs. HOLMES & ROBINSON.

The service of a declaration on a defendant in a suit commenced by the filing and service of a declaration, is not a violation of the statute, forbidding the service of *civil process* on an elector during the time appointed for the election of state and county officers.

*J. Holmes, jun.*, for the defendants, moved to set aside the proceedings, on the ground that the action was commenced by the service of a declaration upon the defendants, on one of the days of the last general election, they being electors and entitled to vote in the town where the declaration was served. He cited 1 R. S. 127, § 4, which provides, that " whenever an election shall be held in any city or town pursuant to this chapter, no *civil process* shall be served in such city or town on any elector entitled to vote therein, on either of the days during which such election shall be held. "

*W. Tracy*, for the plaintiffs, cited a MS. case of *The Bank of Utica* v. *Hackley*, decided in June 1837, where the court refused to set aside a declaration served upon an elector on the day of the annual town meeting. 1 R. S. 342, § 10.

*By the Court*, BRONSON, J. The statute undoubtedly extends to all writs, whether original or judicial, and to every warrant or summons, by which a man is called into court to answer in a civil action as a party ; and to executions against the body ; and it makes no difference whether the process be bailable or not. But although suits may now be commenced by the filing and service

of a declaration, 2 *R. S.* 347, § 1, 2, I am unable to say that this case comes within the prohibition of the statute. A declaration has never been regarded in the law as "civil process." It is not a writ or command, addressed by public authority to an officer or minister of justice ; and the mere delivery of a declaration on the day of election, whether by an officer or any one else, would not be likely to disturb or overawe an elector in the exercise of his privilege. The case cited by the plaintiffs' counsel, is decisive against the motion. See also *Wheeler* v. *Bartlett,* 1 *Edw. V. C. Rep.* 323.

It is said that an elector might be disturbed in his feelings by the service of a declaration on the day of election. The remark would be equally true, if applied to the service of an execution upon his property ; and yet that is not forbidden. The statute only extends to process which is served on the person of the elector.

Motion denied.