THAYER and another, overseers of the poor of the town of Otsego, *vs.* LEWIS.

Where a statute authorized any person to prosecute for penalties against the excise law, in the name of the overseers of the poor, where those officers had neglected for ten days to prosecute, upon giving them security for costs, (*Stat.* 1845, *p.* 322;) the defendant in such a suit cannot object that it is prosecuted without the consent of the overseers, nor that ten days had not elapsed when it was commenced, nor that sufficient security had not been given.

The endorsement required upon process by which penal actions are commenced need not be made upon the declaration where the suit is commenced by the filing and service of a declaration.

Where a suit is commenced *in the name* of the overseers of a town, on the default of the overseers themselves to prosecute, and the plaintiffs' term of office expires pending the suit, the statute requiring their successors to be substituted, does not authorize such substitution on the motion of the private person who instituted the suit, against the wishes of the newly chosen overseers.

And where one of the new overseers consented and the other declined, the court would not make any order.

The substitution will be ordered on the application of the defendant in the suit, though he be one of the newly elected overseers whose names are to be used.

The form of the security, the number of sureties, and their justification, where a suit is prosecuted by a third person in the name of the overseers of the poor, stated. *Per* BRONSON, C. J.

Where proper security has not been given, the overseers of the poor may move to set aside the proceedings.

IN this and several cases between other parties, arising under the excise law of 1845, (*Stat.* 1845, *p.* 322,) motions were made—some by the defendants, and others by the overseers of the poor—all of which were considered and disposed of at one time. The facts in relation to the points decided are sufficiently stated in the opinion of the court.

The counsel who moved were *J. Holmes, R. W. Peckham, A. D. Robinson, D. Wright, J. A. Collier, D. Burwell,* and *N. Hill, Jr.*

Motions were opposed by *A. B. Olin, F. H. Hastings, A. Taber, P. Cagger,* and *J. A. Collier.*

*By the Court,* BRONSON, Ch. J.    We have a number of motions in suits which have been commenced by third persons in the name of the overseers of the poor, under the seventh section of the excise law of 1845, which will all be considered and disposed of together.    Some of the motions are made by the defendants, and some by the overseers of the poor.

The penalties imposed by the revised statutes for selling spirituous liquors without a license, are to be sued for by the overseers of the poor of the town where the offence is committed.    (1 *R. S.* 681, § 19.)    But if they neglect for ten days to prosecute for any such penalty, any other person may prosecute therefor in the names of such officers, by giving security for the payment of all costs if he shall fail to recover judgment.    (*Stat.* 1845, *p.* 323, § 7.)    It does not lie with the defendant to object, by motion or otherwise, that the suit is prosecuted by a third person in the names of the overseers of the poor without their consent, or without giving sufficient security for costs.    The overseers alone have the right to complain that their names have been improperly used.    This point has been decided before; but as no case has been reported, the question is now made again in several of these motions.

Another question made in some of these cases may be disposed of in the same way.    It is for the overseers to object that they had not neglected for ten days to prosecute before their names were used by a third person.    (§ 7.)    We think the defendant has nothing to do with that matter.    In one or two of the cases it is evident that one or both of the overseers would be quite willing to make the question; but they have not done it.    All the motions upon this point are made by the defendants.

Most of the suits were commenced by the filing and service of declarations; and although the statutes under which the penalties are claimed are particularly mentioned in the body of the declarations, no reference to the statutes is endorsed upon the declarations, as must be done upon process issued for the purpose of compelling an appearance in actions for penalties and forfeitures. (2 *R. S.* 481, § 7.) On this ground motions have been made by the defendants in several cases to set aside the proceedings. Although the declaration is in the nature of process, when suits are commenced in this way, (*Roth* v. *Way*, 2 *Hill*, 385,) still it is not strictly speaking, and for all purposes, process; (*Corlies* v. *Holmes*, 20 *Wend.* 681;) and the case is not within the meaning of the statute on which the defendants rely. The object in requiring the endorsement of process was to give notice to the defendant of a fact which he could not learn from the process itself, to wit, that he was sued for a penalty or forfeiture given by some statute. Here that notice is fully given on the face of the declaration, and it would be idle to endorse the same matter upon the back of it. The case is not within the letter of the statute; and clearly is not within the object which the legislature had in view.

In towns where a majority of the electors have voted "no license," questions have been made whether the suit should be founded upon the fifth section of the act of 1845, or upon the revised statutes, or upon both; and whether the overseers of the poor can sue in such cases, (§ 7,) or the action should be brought by the attorney general in the name of the people. (2 *R. S.* 481, § 3; 1 *id.* 179, § 1; 2 *Str.* 828.) It is sufficient for the present to say, that these questions may be raised by demurrer, or on the trial; and we ought not, therefore, to dispose of them in this summary manner. A like remark is applicable to several other questions which are made upon the papers.

In several cases the terms of office of the overseers in whose names the suits were commenced have since expired, and other officers have been elected in their places. Motions are now made by the attorneys who commenced the suits to substitute the names of the new officers in the place of the old ones: and

. the new officers object to being made parties to the suits. The act of 1845 provides, that in case the overseers shall neglect for ten days to prosecute for any penalty, any other person may prosecute therefor in the name of such officer; (§ 7;) but it makes no provision for substituting other persons as plaintiffs under any circumstances. We must then look into the general law on the subject. There is a provision, that no suit commenced by or against certain officers, including overseers of the poor, shall be abated or discontinued by the death of such officers, their removal from, or resignation of their offices, or *the expiration of their term of office;* but the court shall substitute the names of the successors in such office, *upon the application of such successors, or of the adverse party.* (2 *R. S.* 474, § 100.) In most of the several cases before us, the application neither comes from the " successors" in office, nor from the defendant in the suit, who is the " adverse party ;" but on the contrary, the application is opposed both by the new officers and the defendant. I see no ground, therefore, on which we can grant this class of motions. This difficulty, as well as some others, was not foreseen in framing the excise law of 1845. There is another statute on this subject, (2 *R. S.* 388, § 14,) but that only provides against an abatement from the *death* or *removal* of the officer in whose name a suit may be brought; and not where he goes out of office at the expiration of his term.

In one of the cases where there has been a change of officers, one of the new overseers consents to be substituted; but the other overseer and the defendant object to the substitution. In this state of things, we can make no effectual order in the premises, and therefore deny the motion.

In one case the motion for a substitution of the new officers as plaintiffs comes from the defendant in the suit. This case comes within the statute which has been mentioned, and the motion is granted. It may be worthy of notice that this defendant, after having openly violated the excise law for nearly a year, and after having been sued for penalties, has himself been elected an overseer of the poor ; and now moves to be

Thayer *v.* Lewis.

made one of the plaintiffs in the pending suit against himself. What may be the effect of having the same party on both sides of the controversy, we are not now called upon to determine. No opposition is made to the motion ; nor do I perceive that it is open to any serious objection.

A third person is authorized to prosecute for penalties in the names of the overseers of the poor, " by giving security to the court or officer before whom he prosecutes, for the payment of all costs, if he shall fail to recover judgment." The meaning of this provision is, that the security shall be approved as to its form and sufficiency, by the court or officer before whom the suit shall be prosecuted. In two cases the overseers whose names have been used without their consent, move to set aside the proceedings on account of the insufficiency of the security ; and in both cases the instruments are plainly defective. A vast amount of litigation is springing up under this statute, and all proper means must be taken to protect the towns and their officers against the payment of costs. Orders for the paymen of costs may be made against the overseers in the progress of the cause ; and if a judgment finally passes against them, the costs may be charged upon the town. (*Avery* v. *Slack*, 19 *Wend.* 50.) Both should be fully indemnified ; and it should also be known who it is that prosecutes the suit, to the end that he may be held answerable as the real plaintiff in the action. As there have already been several motions on this subject, and probably will be more, we think it proper to direct that the security should be a covenant by two or more persons, one of whom must be the party who intends to prosecute the suit. The instrument should state that A. B. intends to commence and prosecute a suit against C. D. in the names of E. F and G. H. overseers of the poor of the town of ———, under and in pursuance of the 7th section of the " act relating to excise, and to licensing retailers of intoxicating liquors," passed May 14, 1845 ; and then A. B. and his surety or sureties should covenant and agree to and with the said overseers of the poor, that A. B. will pay all the costs of the suit, if he shall fail to recover judgment ; and that he will fully indemnify and save harmless

Thayer *v.* Lewis.

the said overseers of the poor from all costs, charges and expenses in the premises. A further covenant of the same kind should then be added to and with the town. Two of the persons who execute the covenant must justify in the sum of five hundred dollars each, and the instrument must be filed in the office of one of the clerks of this court.

As the obligations are not sufficient in the two cases where the overseers move, the proceedings must be set aside, unless the proper security shall be given within thirty days. If new instruments are executed, they should respectively bear date as of a day immediately preceding the commencement of the suit, and may be filed *nunc pro tunc.*

In some of the cases it is insisted, that there should be two sureties in addition to the person who prosecutes the suit. But we think it enough that the person who prosecutes is a party to the covenant, and that any two of the obligors justify in the sum which has been mentioned.

This disposes of all the motions in excise cases at the present sitting of the court.