## SUPREME COURT.

JAMES C. POMROY, ELI C. DICKINSON and ALEXANDER W. CLARK, The Board of Commissioners of Excise of Cortland County agt. DANIEL J. SPERRY.

By the act of 1857, to suppress intemperance and to regulate the sale of intoxicating liquors, an action brought to recover a penalty given by said act, for a violation thereof, should be brought exclusively in the name of "the board of commissioners of excise" of the county, the *names* of the commissioners should not be mentioned. (*See to the same effect, The Board of Commissioners, &c.* agt. *Doherty, ante p.* 46,)

But where such action was brought in the names of the commissioners, *held*, on the trial at the circuit, that the summons and pleadings might be amended by striking out the names of the commissioners.

The defendant cannot object that the action was prosecuted without the consent of the commissioners of excise. The commissioners alone have the right to make such complaint.

Also, it is for the commissioners to object, not the defendant, that they had not neglected to prosecute the defendant, so as to authorize other persons to prosecute him in the name of the board of commissioners of excise, pursuant to § 40 of the act.

Also, the commissioners have authority under the act to institute actions, whenever they are satisfied penalties have been incurred which are recoverable in the name of the board of commissioners of excise.

*Cortland Circuit, June,* 1858.

THIS action was brought to recover penalties for violations

by the defendant of the law of 1857, entitled, "An act to suppress intemperance, and to regulate the sale of intoxicating liquors."

The complaint contained allegations that the defendant had at Cincinnatus in the county of Cortland, on certain specified days, sold strong and spirituous liquors and wines, in quantities less than five gallons at a time, without having a license therefor; and that he had forfeited the sum of fifty dollars for each sale.

The answer was, that the commissioners of excise of Cortland county had no right to bring the action, and that they had never authorized its institution in any form or manner.

After the jury was empanneled, the defendant's counsel objected that the action could not be sustained in the names of the commissioners of excise, and that they had no right under the law of 1857, to bring the action. The defendant's counsel then offered to prove that the commissioners of excise had never met nor consulted in relation to bringing the action, and that they had never authorized any person to institute it; also, that no complaint had been made to them that any provision of the act of 1857 had been violated by the defendant, so as to authorize any other person than the commissioners to prosecute him, under section thirty of such act.

The plaintiffs' counsel objected to the evidence offered.

SMITH & DUELL, *counsel for plaintiffs.*
BOURNE, BALLARD & HATHAWAY, *counsel for defendant.*

BALCOM, Justice—held, that the commissioners of excise ought not to have been named as plaintiffs in the action, and that the action should have been brought exclusively in the name of "the board of commissioners of excise," of Cortland county; but he said the plaintiffs' attorney might amend the summons and pleadings in the action by striking out the names of the commissioners, and then the action would stand solely in the name of "the board of commissioners of excise of Cortland county," as plaintiff. And he decided, upon the author-

ity of the case of *Thayer and another, overseers of the poor of the town of Otsego* agt. *Lewis*, (4 *Denio*, 269,) that the answer did not contain any defence to the action; and said the defendant could not object that the action was prosecuted without the consent of the commissioners of excise; that the commissioners alone had the right to complain that the action had been brought without their authority; also, that it was for the commissioners to object that they had not neglected to prosecute the defendant, so as to authorize other persons to prosecute him in the name of the board of commissioners of excise, pursuant to section thirty of the act under which the action was brought. And he held that the commissioners had authority, under such act, to institute actions whenever they are satisfied penalties have been incurred, which are recoverable in the name of " the board of commissioners of excise." He was, therefore, of the opinion the objections to a recovery in this action, were untenable; that the evidence offered was inadmissible, and directed the jury to find a verdict in favor of the plaintiffs, for $50; and the jury rendered such a verdict.