Sections 297 and 301, taken together, warrant the judge to order the payment of costs, if property be found in the hands of the debtor sufficient for that purpose.

In such case the default of the prisoner in not paying the costs was a contempt, as well as in neglecting to pay the judgment. We are not at liberty to inquire whether the prisoner had the money or not. If the judge erred in adjudging that the prisoner had the money, his remedy exists in another way, but not by the writ of *habeas corpus.*

Nor is the prisoner remediless. Section 302 authorizes the judge who committed him, or the court in which the judgment was rendered, to discharge him, if the prisoner is unable to pay the money directed to be paid, or to endure his imprisonment.

The *habeas corpus* must be discharged, and the prisoner remanded.

———◆◆———

## SUPREME COURT.

THE BOARD OF COMMISSIONERS OF EXCISE, for the city and county of New York agt. ROBERT R. PURDY.

Where actions are commenced for alleged violations of the "Act to suppress intemperance and to regulate the sale of intoxicating liquors," passed April 16, 1857, to recover a penalty given by the act, by *any other person* than the commissioners of excise, although prosecuted in their name, without furnishing proof of the neglect of the commissioners to prosecute for the period of ten days after complaint to them, &c., as required by the act, the action, on motion, will be *dismissed with costs to be paid by the plaintiff's attorney.*

This question can be properly raised on *motion,* as these facts would not be such as are called issuable.

*New York Special Term,*
MOTIONS to dismiss complaints, &c.

> JAMES M. SMITH, *for motions.*
> SICKLES & CUSHING, *opposed.*

LEONARD, Justice. Motions are made in this and several

other similar actions for an order dismissing them, with costs, to be paid by the plaintiffs' attorneys, on the ground that they are commenced without any authority or lawful right so to do.

They are commenced for alleged violations of the "Act to Suppress Intemperance and to Regulate the sale of Intoxicating Liquors," passed April 16, 1857, (*vide Sess. L.* 1857, *vol.* 2, *ch.* 628,) to recover a penalty of fifty dollars in each case, for the sale of spirituous liquors or wines, in quantities less than five gallons, without a license.

It is proven by affidavit, on the part of· the defendants, that no complaint had been made to the excise commissioners, before the commencement of these actions, that the defendants had violated the said statute, and that the commissioners had not authorized the commencement thereof.

These facts are proved upon information and belief only, but are not denied on the part of the plaintiffs, or by the attorneys who bring the actions.

The proof was sufficient to call on the attorneys who instituted the actions, for some denial or explanation ; and as they have not thought proper to do so, it must be assumed that none can be made, and that the statements of the affidavits are true.

By section 22 of the act referred to, it is directed that the penalties for which these actions are prosecuted, shall be sued for and recovered in the name of the board of commissioners of excise.

By section 30 it is further provided, that if the commissioners shall neglect to prosecute for any penalty provided by the act, for the period of ten days after complaint to them that any provision of the act has been violated, *accompanied with reasonable proof of the same*, any other person may prosecute therefor in the name of the commissioners.

It is quite plain that the legislature have here imposed

a condition with which private persons must comply before they are authorized to prosecute for the recovery of any penalty, or to use the official name of the commissioners as plaintiffs.

The condition is imposed not only for the safety of the commissioners and the public, but also to prevent citizens from being vexed by informers and speculators without probable cause.

The commissioners do not prosecute these actions; they are brought by some one else using their name.

Such party should have proved on this motion that the commissioners had neglected to take action themselves for ten days after complaint made to them against these defendants respectively, for violation of the law, and that they had produced before them reasonable proof of the truth of the complaint.

No such proof has been offered. Those who are engaged in the prosecution of these actions do not bring themselves within the provision which authorizes them to do so.

The question is properly raised on motion, inasmuch as these facts would not be such as are called issuable. Clearly it is not necessary to allege them in the complaint; and I think they would not constitute a defence if interposed by an answer. The answer would be (if the objection were so interposed) that the party who, by the face of the complaint, brought the action, did not in fact bring it. Such an answer would involve only the question whether the attorneys for the plaintiffs were guilty of misconduct, and not any questions pertaining to the action.

Such questions are disposed of by motion, and not by a trial at the circuit.

It is not clear that this was the ground upon which the case of *Pomroy and others, Excise Commissioners of Cortland county* agt. *Sperry*, (16 *How. Pr. R.*,) was disposed of, but I have no hesitation in concurring with the result of that case for the reason here mentioned. The report is of a

Commissioners of Excise of New York agt. Purdy.

trial at the circuit, where no opinion was written by the judge, but the reporter has undertaken to state what was there decided, whether on rumor or newspaper statement, I cannot say.* If the decision there was founded on any other reason than that here mentioned, I am unable to concur in it.

The case in 4th *Denio R.*, 269, (*Thayer and others, Overseers of the Poor of the Town of Otsego* agt. *Lewis*,) is not in point here. The court say in that case, (*p.* 273,) " it should be known who it is that prosecutes the suit, to the end that he may be held answerable as the real plaintiff in the action." The party who there prosecuted in the name of the overseers was required, by law, to give them security against costs, in case of failure to recover judgment. That was a question in which the overseers alone had any interest. The defendant there could look to the overseers or the town if he succeeded in his defence, and it was no concern of his whether the overseers were indemnified by a suitable bond or not.

Under this statute, the legislature have required the party who turns informer, and claims to make use of the names of the commissioners of excise as plaintiffs, to produce reasonable proofs that the accused party has been guilty. The provision here is different in character from the one referred to in 4th *Denio*.

The motions are granted, with $10 costs of motion, to be included in one order only.

---

* Note.—It is proper, perhaps, to state, that the report of that case was written by Judge Balcom himself, and by him sent to the Reporter, just as it is published, (except the head note.)—Rep.