The North Baptist Church *v.* Parker.

---

[KINGS GENERAL TERM, February 10, 1862.   *Emott, Brown* and *Scrugham,* Justices.]

---◆---

THE NORTH BAPTIST CHURCH ON STATEN ISLAND *vs.* PARKER and others.

Where the right of persons claiming to be trustees of a religious society, to the office of trustee, is disputed and denied, and they have not yet been admitted to the exercise of any of its rights or duties, and they are not and have not been in possession of the church edifice, nor of any of the temporalities of the church, they cannot maintain an action in the name of the religious society, to restrain individuals in possession and claiming to be the trustees of the society, duly elected, from closing the church edifice and from preventing the pastor from holding religious meetings therein, &c.

Before they can institute or maintain such an action, the plaintiffs must have been peaceably admitted to the office of trustees of the society, or have established their title thereto by a direct proceeding or action brought for that purpose, by the attorney general.

The court will not, upon motion, decide who are the rightful trustees of the society, or determine the question of right to the office.

APPEAL from an order made at a special term, dissolving an injunction, and dismissing the complaint.

*E. D. Culver,* for the plaintiff.

*M. Hale,* for the defendants.

*By the Court,* BROWN, J.   The plaintiff is a religious corporation, duly organized under the statute, and has been in existence since the 9th day of March, 1841.   The certificate of incorporation provides for six trustees, and the temporali-

ties of the church consist of a house of worship, at Port Rich-
mond in the county of Richmond, of the value of $4000 or
thereabouts, and the book containing the records and pro-
ceedings of the board of trustees. The complaint alleges
that the congregation worshipping in the church edifice is
connected with the Baptist denomination of christians, hav-
ing a pastor, the Rev. William A. Barnes, settled therein
according to the custom and practice of that church. It also
alleges that on the 11th of February, 1861, the defendants
excluded the plaintiff and the said William A. Barnes from
the said church edifice, and refused to allow the plaintiff and
the said Barnes to enter or use the same for the purposes of
worship, and afterwards forcibly expelled from the said edi-
fice one William Strothers and Thomas Coffey, who were
there by the order and direction of the plaintiff, who was
lawfully and peaceably in possession thereof, and have from
that time hitherto prevented the said plaintiff, its minister,
agents and officers from entering therein, and threaten to
prevent them from entering and using the church edifice for
church purposes thereafter. It prays for an injunction re-
straining the defendants from closing up the church edifice,
and from preventing and interrupting the minister or pastor
from preaching and holding religious meetings therein, &c.,
and for the recovery of $500 damages. Upon this complaint,
verified by affidavit, the plaintiff obtained an injunction from
the city judge of Brooklyn. The defendants applied, upon
due notice, to the special term held before Mr. Justice
SCRUGHAM, at Brooklyn, on the 6th of August, 1861, for an
order dissolving the injunction and dismissing the complaint,
upon the ground that the action had been instituted by Mil-
ton W. Gray, William Strothers, Thomas Coffey and David
Strothers, claiming to be the trustees of such corporation, but
who in fact were not the trustees thereof, and had no au-
thority whatever to institute such action. The defendants
also read affidavits and papers to show that they, together
with one David Muddle, were five of the trustees; and so on

the other side, affidavits were read to show that Gray, Coffey and the two Strothers were in fact the trustees of the corporation. The judge at the special term granted the defendants' motion, dissolved the injunction and dismissed the complaint; from which order and decision the plaintiff, or those claiming to act in its behalf, appealed to the general term.

The 6th section of the act to provide for the incorporation of religious societies directs the manner in which the election of trustees shall be conducted, and it declares that the persons elected shall receive a certificate of their election from the officers conducting the same, which shall entitle them to act as trustees. Such a certificate is not conclusive, but it is prima facie evidence that the person to whom it is given is a trustee. It constitutes the holder a trustee *de facto*, and upon all questions and controversies, except a direct proceeding to try the title in the nature of a quo warranto, would be held to clothe the holder with the attributes of the office. The omission to furnish the certificate does not, however, disqualify the person who is duly elected. It is evidence of his title. But his right may be shown *aliunde*. It is characteristic of this motion, that no proceedings of any meeting of the congregation for the election of trustees are furnished in the motion papers ; nor are there any certificates of election produced or referred to, so that we could form some idea who really were entitled to hold that office. The proof of the right to the office rests mainly upon the assertions of the claimants themselves, coupled with the corroborative evidence in favor of the defendants, to which I will presently refer. Gray, Coffey and the two Strothers swear that they are severally trustees duly elected, and so does William A. Barnes, the minister. The latter states a fact of some significance, and which throws some light upon the nature of the controversy, and that is, that on the 21st of February, 1861, the defendants Pero, Wenside, Parker and Hooker were expelled and excluded from the church, and one Gridham was chosen clerk in the place of Pero, whose exclusion from the church

disqualified him from being an office bearer. These witnesses concur, however, in some things which are quite important in determining their right to institute this action and carry on this litigation in the name of the corporation; and these are: That the right of Gray, Coffey and the two Strothers to the office of trustees is disputed and denied, and that they have not yet been admitted to the exercise of any of its rights or duties. That they are not, and have not been, in possession of the church edifice, nor of any of the temporalities of the church, not even the book containing the records and proceedings of the congregation. These facts alone should exclude them from the use of the corporate name, and from instituting or maintaining this action, until they shall have been peaceably admitted to the office of trustees of the church, or shall have established their title thereto by a direct proceeding or action brought for that purpose. On the other side, the defendants claim that they have been duly elected the trustees of the church, and have for some time past performed the duties and exercised the rights appertaining to the office. That they have possession of the church books containing the records of the meetings of the congregation, and have actual possession of the church edifice, which edifice and books constitute all its property and temporalities. It is to dispossess them of this property that the action is brought. We cannot, upon a motion of this kind, determine who the rightful trustees of the church really are. We cannot determine the question of right to the office. The result of the present motion depends upon ascertaining which of the two classes of persons are in possession of the office, performing its duties and exercising its rights under color of title. If Gray, Coffey and the two Strothers have failed to show themselves to be in this condition—that they are the trustees *de facto*—they had no right to institute this action, and the order of the special term should be affirmed, unless it shall appear, as was insisted by the counsel for the plaintiff, upon the argument, that the right to the office can be tried and de-

termined in this action.  The four persons last named are not using their position and claim as a means of defense and shelter.  They employ it as a weapon of offense—as an instrument of aggression—and unless the title can be put in issue in this action, they are not in a condition to use the corporate name for the purpose of furthering their personal interests and objects.

The action is in the name of the corporation, and its professed object is to recover the possession and control of the church edifice or place of worship for the use of the corporation, upon the ground that the corporation has been excluded and dispossessed by the wrongful act and entry of the defendants.  In any action brought to enforce a right or redress a wrong, it must be assumed that the plaintiff is present in court, and has a standing therein by his own voluntary act.  It can proceed upon no other hypothesis.  The complaint speaks in the name of the plaintiff.  It is the plaintiff himself that complains of the acts or omissions of the defendant.  The answer must contain matter which is a defense to the allegations of the complaint.  It may allege the want of capacity in the plaintiff to sue, or facts in bar or avoidance of the allegations of the complaint, so as to justify or excuse whatever is alleged.  But it cannot set up that the plaintiff is not present in court; that some one else is using his name to institute and prosecute the action without his authority or sanction.  Such an answer would not meet a single allegation of the complaint, and would form no issue for trial upon the pleadings.  An answer which should allege as a defense, that the attorney was not authorized to bring the action; or, in an action in the name of a corporation, which should set up that it was brought without the authority or knowledge of its managers or directors, would be treated and struck out as sham, simply because such an answer would not meet the allegations of the complaint, or lead to an issue which could be tried.  *Nul tiel* corporation is a plea which involves the corporate existence of the plaintiff, and as a consequence

its capacity to sue; but the defense to which I before referred admits the existence of the corporate body and its capacity to bring an action, but denies that the action brought is its action. Were the defendants in this action to set up in their answer their own title to the office of trustee and deny the title of Gray, Coffey and the two Strothers who have instituted this action, a more serious consequence than that already mentioned would ensue, were the latter to accept the issue and go to trial. The verdict or the decision, whatever it might be, would determine nothing. It would conclude neither party, and leave the title to the office still in doubt. For there is no proceeding known to our practice by which the title to an office may be determined but that provided in chapter 2, title 13 of the code, which is the substitute for the old proceeding by information in the nature of *quo warranto*. In this the attorney general is the actor, and not a private person. Its sole office is to try the title of the person alleged to have intruded and that of the relator or person claiming the office. In the case of *Mickles* v. *The Rochester City Bank*, (11 *Paige*, 118,) it was adjudged that a court of equity cannot interfere to restrain persons claiming to be the rightful trustees of a corporation from acting as such, on the ground that they have not been duly elected. The preliminary question of the right to the office must first be determined, before the court can make any decree. So in this case, Milton W. Gray, William Strothers, Thomas Coffey and David Strothers must first establish their title to be trustees of the North Baptist Church on Staten Island, by an action brought by the attorney general for that purpose, before they can bring an action and carry on a litigation in its name.

The order made at the special term should be affirmed, with costs to be paid by Milton W. Gray, William Strothers, Thomas Coffey and David Strothers.

[KINGS GENERAL TERM, February 10, 1862. *Emott, Brown* and *Scrugham,* Justices.]