## SUPREME COURT.

THE BOARD OF COMMISSIONERS OF EXCISE, &c. agt. ROBERT R. PURDY.

Where an action is commenced for alleged violations of the "Act to suppress intemperance and to regulate the sale of intoxicating liquors," passed April 16, 1857, to recover a penalty given by the act, by any other person than the board of commissioners of excise, although prosecuted in their name, the defendant cannot *move to dismiss the complaint*, although he shows by proof that no complaint had been made to the excise commissioners previous to the commencement of the action that the defendant had violated the statute, and that the commissioners had not authorized the commencement thereof.

It is for the *commissioners* alone to object that their names have been improperly used in bringing the action, (LEONARD, J., *dissenting*.)

The only relief the defendant can have is an *order to stay proceedings until the further order of the court*, and perhaps a further order for security for costs, on showing a state of facts that would prevent his collecting them from the plaintiffs. (*This decision reverses the main point decided at special term in this case,* 22 *How.*, 312.)

*New York General Term, March,* 1862.

INGRAHAM, LEONARD and CLERKE, *Justices.*

NOTE.—Section 30 of this act reads as follows: "In case the parties or persons whose duty it is, by the provisions of this act, to prosecute, shall neglect to prosecute for any penalty provided by this act, for the period of ten days after complaint to them that any provision of this act has been violated, accompanied with reasonable proof of the same, any other person may prosecute therefor in the name of the board of commissioners of excise."

In some of the sections of this act the penalties prescribed are to be sued for and recovered by others than the board of commissioners of excise. Take, for instance, section 8, which requires necessary accommodations for travelers, and "for every neglect or default in having either of the articles herein required, such keeper shall forfeit $10, to be recovered by the *overseers of the poor* for the use of the poor."

Now, suppose a suit for this penalty should be brought by a third person in the name of the board of commissioners of excise, without producing any evidence that

INGRAHAM, P. Justice. The motion in this case was to dismiss the complaints and direct the attorneys to pay the costs. The plaintiffs' attorneys, if they had any authority to bring the actions, could have shown it on the motion, and there was no necessity for an alternative order that they should produce such authority or the actions should be dismissed.

The difficulty with me on this appeal is as to the propriety of the defendant to make the motion. In *Thayer* agt. *Lewis, and other actions*, (4 *Denio*, 269,) a motion, similar in all respects, was made and denied, upon the express ground that the defendants could not object that the suit was prosecuted by a third person, in the names of the overseers of the poor, without their consent; that the overseers alone had the right to complain that their names had been improperly used. And in the same case it was

the overseers of the poor had neglected for a period of ten days after complaint made, and reasonable proof of the violation of the section, to prosecute for the penalty, and the defendant should move to dismiss the complaint on proof showing that the overseers of the poor had prosecuted him for the same penalty, and that the party prosecuting in the name of the commissioners of excise had not complied with the statute authorizing him to prosecute, could there be any doubt but what the court would consider that the defendant had a most vital interest in the question, and that his motion should be granted with costs? And why would the court grant his motion? Not because he had been prosecuted by the overseers, although that would be a good plea in abatement to a second action, but because the plaintiff, in bringing the action in the name of the commissioners of excise, had violated the statute—one of the proofs of which was that the overseers of the poor had properly brought an action for the same cause.

It would seem, therefore, that the defendant would have the same interest, and would be entitled to the same remedy, to get rid of an illegal and irregular action brought against him under this statute, whether he had or had not been prosecuted by the proper party for the same cause. And it would make no difference in the application of this principle, where the sections of the statute authorize the action ·to be brought by the board of commissioners of excise instead of the overseers of the poor or any other party; as the defendant might show the same state of facts in one case as in the other; the question being, whether the defendant has not a sufficient *interest* to entitle him to object, and " to have something to do with the matter" before being called upon to answer an irregular proceeding brought against him in plain violation of the statute? *Any other person* might as well prosecute in his *own name*, in such case, as to use the name of the board of commissioners of excise, one having just as much standing in court as the other, and that just none at all.— REP.

held that the overseers alone could object that they had not neglected to prosecute for ten days, before their names could be used by a third person. BRONSON, Ch. J., says: "We think the defendant has nothing to do with the matter."

So far as the liability for costs would exist, the plaintiffs are alone interested. If, after notice to them of bringing such actions, they refuse to take measures to stop them, they will be liable for costs.

In the case of *Ninety-nine plaintiffs* agt. *Vanderbilt*, (1 *Abb.*, 163,) the court required the attorney to exhibit his authority. That case was in conflict with the case in 4th *Denio*; but in that case the court says: "The defendant cannot insist upon the exercise of the power, by the court, to compel the production of the attorney's authority, but must ask for the exercise of the discretion of the court, and submit to the terms which the court might impose." The question whether the defendant could make the motion, was not discussed. In most, if not all, the cases cited, the motion was made by the plaintiff to stop the use of his name as plaintiff. This power is not doubted. Nor do I doubt that the court has authority, if the facts submitted warrant it, to call on the plaintiffs' attorney to show his authority, by virtue of the general power which the court exercises over its officers. But I do doubt whether the court should exercise such a power in behalf of a defendant whose only ground of making the motion was that no complaint had been made to the board of commissioners of excise previous to bringing the action. If any injustice was to be done to the defendant by the prosecution ; if any rights were to be violated ; if any property was to be unjustly taken from him by such act of the attorney, the court should interfere, but not otherwise. At any rate, under the decisions, no other order should be made than to stay the proceedings until the further order of the court, and he might, perhaps, ask for security for costs, showing

to the court a state of facts that would prevent his collecting them from the plaintiff.

CLERKE, J., concurred.

### Dissenting Opinion.

LEONARD, Justice. A further examination induces me to adhere to the views expressed in my opinion when this motion was before me at special term; now reported in *How. Pr. R.*, 312, (*March No.*, 1862.)

The plaintiffs' attorneys were fully notified by the moving papers that their authority to commence this action was disputed. They omitted to show any retainer, and put themselves upon the ground that the court had no power to require them to do so. Under the circumstances it was a confession that they were without authority from the board.

No proof was offered that the board had refused to prosecute for ten days after complaint accompanied with reasonable proof of a breach of the law, so that some other party had thereby acquired the right to prosecute in the name of the board under the provisions of the law.

The action being strictly penal, it cannot be assumed, without evidence, that the right to prosecute has been so acquired by any informer. Had there been a complaint made to the board, the name of the informer could then be ascertained, and it would afford some security to the party prosecuted, and to the public, against malicious actions. If every one may prosecute in the name of the board, unless the board choose to object, the provision in respect to laying the complaint before the board, with reasonable proof of a violation of the law, is nullified and its effect abrogated by the construction of the courts.

The board have no property. A judgment recovered against them for costs will not insure collection.

These reasons, with those adverted to by me at special term, confirm me in the opinion then expressed, that the

law has imposed a condition with which informers must comply before they can prosecute in the name of the board for the recovery of penalties.

It may be that the ends of justice will be sufficiently attained by staying the plaintiffs' proceedings, and I am therefore disposed to acquiesce in the modification of the order made at special term, which my brethren have thought proper to adopt.

It seemed to me at special term inconsistent, when the charge of prosecuting these actions without authority was not denied, not to dismiss them; if they were prosecuted without authority, as I think it evident they are, then the plaintiffs could not be held liable for costs, and the attorneys stood confessed as the instigators of the actions, and of course justly liable for the costs.