## Cox *vs.* THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY.

The object of the section of the Revised Statutes, (2.*R. S.* 481, § 7,) requiring, in actions for the recovery of a penalty, or forfeiture, a reference to the statute by which the action is given to be indorsed upon the process issued, was to inform the defendant of the nature and cause of the action against him.

The object and purpose of the statutory requirement are fully and completely answered and fulfilled, without the indorsement, when the complaint is annexed to the summons and served with it, and contains the very reference which should, strictly, be indorsed upon the summons.

Where the plaintiff elected, as he was authorized by statute to do, to serve his complaint with the summons, putting both on the same piece of paper,

and making the necessary reference to the statute, in the body of the complaint, instead of indorsing it upon the summons; *Held* that this was a sufficient compliance with the statute; and an order setting aside the summons for want of an indorsement thereon was reversed.

APPEAL, by the plaintiff, from an order setting aside the summons in the action. The facts appear sufficiently in the opinion.

*T. M. Webster,* for the appellant.

*A. P. Laning,* for the respondent.

*By the Court,* JOHNSON, J. The summons was set aside on motion, for the reason that the reference to the statute, required by 2 *R. S.* 481, § 7, was not indorsed thereon.

The action was brought to recover a penalty given by the "Act to prevent extortion by railroad companies," passed in 1857. The summons and complaint were served together, when the action was commenced. They were printed together, on the same sheet of paper, and served in that way. There was no reference to the statute indorsed upon the summons, but the complaint set out fully the cause of action, and contained the reference to the statute in substance, and almost in the precise language, and form, which the Revised Statutes require to be indorsed upon the process issued for the purpose of compelling the appearance of a defendant. The Code (§ 130) allows the complaint to be served at the same time with the summons, as was done in this case. Originally, by the Code, as it stood in 1848, the plaintiff was required to serve the complaint with the summons in all cases where a personal claim was made against the defendant; but by subsequent amendments it was left optional with the plaintiff to serve the complaint with the summons, or serve the summons alone, as he might choose.

All the decisions, and books upon practice, agree, that the object of the Revised Statutes, in requiring this refer-

ence, in actions for penalties, to be indorsed upon the process, issued, was to inform the defendant of the nature and cause of the action against him. (*Avery* v. *Slack*, 17 *Wend.* 86. *Thayer* v. *Lewis*, 4 *Denio*, 269. *Sawyer* v. *Schoonmaker*, 8 *How. Pr.* 198. *Perry* v. *Tynen*, 22 *Barb.* 139. *Andrews* v. *Harrington*, 19 *id.* 344.)

It must be admitted that the object and purpose, of the statutory requirement, are fully and completely answered and fulfilled, without the indorsement, where the complaint is annexed to the summons and served with it, and contains the very reference which should strictly be indorsed upon the summons. The defendant is there specifically informed in regard to the nature and cause of the action, at the commencement thereof. It is of no importance to the defendant, in any practical point of view, whether the reference is indorsed upon the summons, or is contained in a paper attached thereto and served with it. Nor is the objection that the paper so annexed contains more than the statute requires, meritorious. It is purely technical. If the party is advised more fully and perfectly than the statute requires, he has no good reason to complain, and no ground for complaint, except as to the location of the reference on the paper.

This principle was applied in the case of *Thayer* v. *Lewis*, (*supra*,) in which the action was commenced by the filing and service of a declaration, under the former system of practice, and the reference to the act was contained in the statement of the cause of action in the declaration, and did not appear by way of indorsement thereon, or otherwise ; and the court held it sufficient, and that the statute had been substantially, and sufficiently complied with. As the practice then stood, it was optional with the plaintiff to commence his action by the issuing and service of a capias, or by the filing and service of a declaration, which was a substitute for the writ. A strict and technical compliance with the statute would have made it necessary for

Cox *v.* N. Y. Central and Hudson River Railroad Co.

the plaintiff, in that case, to commence his action by capias, and have the reference to the act indorsed thereon, as might have been readily done. But the court disregarded the technical objection as to the matter of form, and looked only to the substance. So here, the plaintiff elected, as he was authorized by statute to do, to serve his complaint with the summons, putting both on the same piece of paper, and making the necessary reference, in the body of the complaint, instead of indorsing it upon the summons. It must be seen that under such circumstances, the indorsement of the reference on the summons, for any purpose contemplated by the statute, would have been the most idle and useless ceremony imaginable, and to hold it necessary, would be to make mere form more material than substance. This would be contrary to all sound canons of construction. It is insisted, by the defendant's counsel, that the question here involved was decided by this court at the last November term, in accordance with the decision at special term, in the case of *Bissell* v. *The New York Central and Hudson River R. R. Co.*, not reported. In that case, however, the summons had been served, without any complaint, and without any reference appearing anywhere; and it was shown by the papers, that the defendants did not know what the cause of action was until the complaint was served, after appearance by the defendants. That case was properly decided, as there was no compliance whatever with the requirements of the statute, when the action was commenced. No notice whatever was given to the defendant touching the nature and character of the action, at the commencement thereof, in that case. It is obvious that that decision does not control this case. My conclusion is, that the summons in this case was erroneously set aside, and that the order should be reversed, with costs of appeal.

[FOURTH DEPARTMENT, GENERAL TERM, at Rochester, March 5, 1872. *Mullin*, P. J., and *Johnson* and *Talcott*, Justices.]