By the Court.—Curtis, Ch. J.
This action is brought to recover a penalty or forfeiture.
The defendant moved to set aside the summons and dismiss the complaint, upon the ground that no statute is pleaded, and that no indorsement is made upon the summons, and that no reference to the statute under which the plaintiff claims is made, either in the summons or complaint.
The appeal is from the order denying this motion.
*21 Under the general or revised statutes it is provided as follows :
“ Upon every process issued for the purpose of compelling the appearance of the defendant to any action for the recovery of any penalty or forfeiture shall be indorsed a general reference to the statute by which such action is given, in the following form: ' according to the provisions of the statute regulating the interest on moneyor, ‘ according to the provision of the statute concerning sheriff,’ as the case may require ; or in some other general terms referring to such statute” (2 R. S. 481, § 7).
The object of this provision of the statute was to give information to the defendant of the nature of the action, which, previous to the adoption of the Code, did not very clearly, appear by the ordinary process, capias, by which actions were then commenced. But even then, if the action was commenced by a declaration, and this information was contained in the body of it, there was held to be a sufficient compliance with the statute (Thayer v. Lewis, 4 Den. 271).
. The same principle has been applied to the present practice, and it is held; that when this information is contained in the complaint attached to the summons, that the statutory requirement is fulfilled (Cox v. N. Y. Central and H. R. R. R. Co., 61 Barb. 615).
In the present case the complaint accompanied the summons, and on its face showed, that the suit was to recover a penalty for the “violation of the insurance acts and statutes of this State.” If the statutory requirement is still in force, this seems to be sufficient, for the defendant is not prejudiced by being kept in ignorance of the nature and cause of the proceeding against him. The statute only requires that the reference should be made in some “general terms,” and not specifically.
But as the Code prescribes the .form and requisites of *22 the; summons for the commencement of actions^ and also the notices to be inserted in it, and provides that all statutory provisions inconsistent with the act are repealed, there is just reason for considering that the section requiring this indorsement upon process is no longer in force. One of the objects sought to be accomplished by the enactment of the Code, was to simplify the form of process,- and to relieve it of the complications and embarrassments arising from various common law and statutory rules affecting it.
The order appealed from should be affirmed with costs and disbursements.
Speir, J., concurred.