### EDMUND W. HALL *vs.* ORIN F. SOUTHWICK.

### October 6, 1880.

**Action brought without Authority—Defendant's Remedy.**—The objection that. an action was commenced and prosecuted without authority of the plaintiff is not matter of defence, and cannot be made by answer. A motion is the proper remedy.

**Mortgage—Assignment—Satisfaction.**—K., an owner of real estate, executed a mortgage on it to S., and then conveyed to a third person. The character of the conveyance does not appear, nor does it appear that it created a duty on the part of K. towards his grantee to pay the mortgage before it became due. Before it became due, K. paid some money to S.—how much does not appear—and thereupon S., at K.'s request, assigned the mortgage to A., who, before it became due, assigned it at K.'s request to defendant, upon an adequate and valuable consideration, A. having no actual interest in either assignment, but acting only as the instrument of K. Defendant did not know how the assignment to A. came to be made. *Held,* this does not establish a satisfaction of' the mortgage, and it still subsists as a lien on the land.

Action to determine defendant's claim of a lien on certain real estate in Freeborn county. The defendant in his an-- swer alleged himself to be the owner of a valid and subsist-- ing mortgage on the premises, made December 24, 1870, by one Kenyon, the then owner of the premises, to one Street, and on June 17, 1870, assigned by Street to one Anderson,. and on July 21, 1870, assigned by Anderson to defendant, such mortgage and each of the assignments being for a valu- able consideration, and duly recorded. The plaintiff in his. reply alleged that the mortgage had been fully paid. The action was tried by *Page*, J., who found the facts to be as. stated in the opinion, and ordered judgment for defendant,. which was entered, and the plaintiff apppealed.

*Tyrer & Whytock*, for appellant.

*John A. Lovely*, for respondent.

GILFILLAN, C. J. That this action was commenced and' prosecuted without authority of the plaintiff was not mat- ter of defence, and such objection could not be made by answer. If true, defendant's remedy was by motion. On

the merits, the only issue is as to the payment and satisfaction of the mortgage executed by Kenyon to Street. The court below does not find as a fact that it was paid. The transaction, as shown in the evidence, which is claimed to establish the payment, was not such as to require us to hold that it proves the fact, and that the court below ought to have so found. The transaction on its face appears not to have been intended as a payment, but to procure an assign-ment. It took place after Kenyon, the mortgagor, had conveyed the land. He paid Street, the mortgagee, some money —how much does not appear—and thereupon the latter, at Kenyon's request, assigned the mortgage to Anderson, and afterwards Anderson, at Kenyon's request, assigned it to defendant. All this was before the mortgage became due. And defendant, without knowing the circumstances under which the assignment was made to Anderson, took the assignment from him, paying a valid and adequate consideration therefor. Anderson appears not to have had any actual interest in either the assignment to him or his assignment to defendant. He appears to have been merely an instrument of Kenyon to hold and pass the title to the mortgage. Defendant had no dealing with him for the assignment; the negotiation for it was with Kenyon alone, and the consideration was paid to him, being part in cash and part in a debt he owed defendant.

At law there would be little difficulty in the case. The mortgage would continue, the title to it vesting first in Anderson and then in defendant. Equity, however, will sometimes give to the acts and transactions of parties a force and effect different from what they actually intended. In this transaction the actual intention was not to pay and satisfy the mortgage, but to substitute another holder in the place of the original mortgagee, and to keep it alive. If what was intended would operate as a fraud on any person, equity might, in favor of such person, in order to defeat the fraud, give an effect to the transaction different from what was

actually intended. If it would be inconsistent with a duty owing by Kenyon to any person, it might, if possible, give it an effect consistent with such duty. The intention not to satisfy the mortgage at that time, but to change the holder of it, could not operate as a fraud on Sherwood, the then owner of the land, for it could not place him in a worse position than he was in before. It was immaterial to him who held the mortgage. The character of the conveyance by Kenyon to him does not appear, and the relations which it created between them in respect to the mortgage do not appear. It is not to be assumed that it made it the duty of Kenyon to satisfy the mortgage before it became due. Without such duty we do not see how Sherwood or plaintiff, who derives title from him, can claim that the transaction between Kenyon and Street should have the effect to satisfy the mortgage contrary to what was intended. The transaction does not establish the fact of payment.

The judgment of the court below is therefore affirmed.