## SMITH SCHOONMAKER, RESPONDENT, v. WILLIAM BROOKS, APPELLANT.

*Action for a penalty — reference to the statute giving it — what is not sufficient as — whether it must be indorsed upon the summons.*

This action, which was brought to recover the statutory penalties for allowing cattle to run at large upon the highway, was commenced by the service upon the defendant of a summons, issued by a justice of the peace, which required the defendant to appear before him, at his office, " to answer Smith Schoonmaker, in a civil action for penalty for letting cattle run at large on highway, to his damage of two hundred dollars or under." There was no indorsement upon the summons.

*Held,* that section 7 of article 1, title 6, chapter 8, part 3 of the Revised Statutes, requiring a general reference to the statute giving the penalty, to be indorsed upon every process issued to compel the appearance of the defendant in an action brought to recover the same, was not repealed by the Code of Procedure.

*People* v. *Bull* (10 Jones & Spencer, 19, 20) disapproved.

That the statement of the object of the action contained in the body of the summons was not a sufficient compliance with the statute.

In such an action the statute must be literally complied with, and the notice must be indorsed upon, and not embodied in the summons. (*Cox* v. *N. Y. C. and H. R. R. R. Co.,* 61 Barb., 615, criticised, *Per* BOCKES, J).

APPEAL from a judgment of the Sullivan County Court, affirming a judgment in favor of the plaintiff, rendered in a Justice's Court. The action was brought to recover a penalty for allowing cattle and other animals to run at large upon a highway.

The summons issued by the justice required the defendant to appear before him, at his office, at a time specified, " to answer Smith Schoonmaker, in a civil action for penalty for letting cattle run at large on highway, to his damage of two hundred dollars or under."

*T. F. Bush,* for the appellant.

*Butts & Merritt,* for the respondent.

BOCKES, J. :

The action was brought for the recovery of penalties given by statute ; but the process issued for the purpose of compelling the appearance of the defendant was not indorsed in strict conformity

to section 7 of title 6, part 3, chapter 8, article 1 of the Revised Statutes (2 R. S., p. 481).

This provision of law is not repealed by the Code of Procedure. The intimation to the contrary in *The People* v. *Bull* (10 Jones & Spencer, 19, 20) is, as we think, without foundation. It is not repealed by any express reference to it, declaring it repealed; nor is it repealed by implication, as there is no provision of law inconsistent with it, thereby working its repeal. The section cited remains in force.

There was no *indorsement* whatever on the summons issued in this case; but in the body of the process there was inserted the following clause, to wit, "to answer Smith Schoonmaker in a civil action for penalty for letting cattle run at large on highway." The conceded object of the statute was to notify the defendant of the nature of the action commenced by the service of the process. But the statute prescribed the particular manner in which this notice should be given, to wit, by indorsement on the process. I should have no hesitation in holding that a literal compliance with this statute was requisite, were it not for the decision in *Cox* v. *N. Y. C. & H. R. R. R. Co.* (61 Barb., 615), and in *The People* v. *Bull* (10 Jones & Spencer, 19, 20). In these cases it is decided that if such notice (by due reference to the statute) actually accompany the service of the summons the law is well complied with; that an actual indorsement on the process was not necessary. The decision in the *Cox case* was at General Term, and was concurred in by Justices JOHNSON, MULLIN and TALCOTT. Not having been reversed or overruled, we must follow that decision; but for myself, I must say it does not meet my approval. It has been repeatedly decided that a statute giving a penalty or forfeiture and providing for its enforcement must be strictly construed. This has become a canon of construction in the courts.

Then, admitting that the clause contained in the summons was equivalent in law to an indorsement thereon, was that sufficiently specific and definite to answer the requirement of the statute? This we must answer in the negative. The section referred to requires that there "shall be indorsed a general reference to the statute by which such action is given, in the following form, 'according to the provisions of the statute regulating the rate of interest

on money,' or 'according to the provisions of the statutes concerning sheriffs,' as the case may require, or in some other general terms referring to such statute." Now, the clause inserted in the summons makes no reference to any statute whatever. It gives no notice to the defendant of the offense charged against him, by reason of which offense a penalty was imposed. Whether the penalty was given by a statute, ordinance or by-law is not stated. Again, the act of 1862 (chap. 459,) with its amendments, under which act the recovery was allowed, gives penalties for different causes, for different sums, and to be recovered by different classes of persons. (See § 1 and § 5 of chap. 459, Laws of 1862, as amended, Laws of 1867, chap. 814 ; Laws of 1869, chap. 424 ; Laws of 1872, chap. 776.) The case of *Avery* v. *Slack* (17 Wend., 85) is an authority against the sufficiency of the clause inserted in the summons in this case. In *Perry* v. *Tynen* (22 Barb., 137) the reference was to the title, part and chapter of the statute. This was held sufficient. Judge PAIGE says, " the reference in this case was to the title, *which is not subdivided into articles.* This was sufficient." In *Andrews* v. *Harrington* (19 Barb., 343), the reference was to the title, chapter and part of the Revised Statutes ; this was held to be sufficient. In the cases wherein it was held that service of the complaint with the summons answered the requirement of the statute, it was further decided that the section of the law imposing the penalty should be accurately referred to. (*The People* v. *Brooks*, 4 Denio, 469 ; *Cox* v. *N. Y. C. and H. R. R. R. Co.*, 61 N. Y., 615 ; *The People* v. *Bull*, 10 Jones & Spencer, 19, 20 ; *Thayer* v. *Lewis*, 4 Denio, 269.) Under the authority of these cases, and of *Avery* v. *Black* (*supra*), the clause inserted in the summons in this case was insufficient to meet the requirements of the statute. If it had been indorsed on the process, it would not have given notice of the cause of action for which a recovery was sought. As was said by Judge COWEN, in *Avery* v. *Black*, to hold otherwise " would be to repeal the statute."

The judgment of the County Court and that of the justice must be reversed, with costs.

LEARNED, P. J., and BOARDMAN, J., concurred.

Judgment reversed, with costs.