(90 Misc. Rep. 325)

## INSTITUTE OF EDUCATIONAL TRAVEL v. BINKERD.

(Supreme Court, Appellate Term, First Department.   May 18, 1915.)

1. APPEAL AND ERROR &⇒204—QUESTIONS REVIEWABLE—QUESTIONS NOT RAISED IN TRIAL COURT.

   A plaintiff, making no objection to evidence offered by defendant, nor taking exception thereto, cannot on appeal raise the question that the evidence was inadmissible under the pleadings.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1149, 1258–1272, 1274–1278, 1280, 1569; Dec. Dig. &⇒204.]

2. ATTORNEY AND CLIENT &⇒71—ACTIONS—AUTHORITY TO SUE—MANNER OF QUESTIONING AUTHORITY—ANSWER.

   Where a corporation instituting an action appeared by attorney, and defendant conceded that plaintiff was a corporation, and that he was liable to it, and the issue was as to the extent of the liability, it was error to allow an amended answer, averring that the action was brought without authority and against the wishes of a majority of the board of directors, for the authority of the attorney is presumed, and can be questioned only by motion.

   [Ed. Note.—For other cases, see Attorney and Client, Cent. Dig. §§ 97–101; Dec. Dig. &⇒71.]

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by the Institute of Educational Travel against Robert S. Binkerd.   From a judgment for defendant, plaintiff appeals.   Reversed, and new trial ordered.

Argued April term, 1915, before GUY, BIJUR, and PENDLETON, JJ.

William A. Keeler (Jacob Scholer, of New York City, of counsel), for appellant.

Elfers & Abberley, of New York City (Clarence A. Appleton, of counsel), for respondent.

PENDLETON, J.   [1] The action is brought by a corporation to recover from an agent funds alleged to be in his hands unaccounted for.   The answer was a general denial.   Defendant testified as to a credit of $65, to which he claimed to be entitled, and a payment of $200 on account, and admitted an indebtedness of $114.   Plaintiff contends that there was error in admitting the testimony as to the two above items under the general issue.   As there was no objection made to the evidence on this ground, nor exception taken, this contention is not now available.

[2] At the trial defendant contended, and was allowed to amend his answer, over plaintiff's objection and exception, so as to allege, that the action was brought by the treasurer without authority from the

&⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

board of directors and against the authority of the majority of the board, and to introduce evidence claimed to show that no express power was given by the by-laws to the treasurer to institute a suit in the name of the corporation; that under the by-laws it was provided that no question should be decided, except by the entire membership of the board of directors; that the question of making a claim against defendant had been before the board and unanimously laid on the table; and that thereafter no determination as to it had ever been taken by the concurrence of all the directors. The court rendered judgment for defendant, on the ground that the bringing of the suit had not been duly authorized in accordance with the by-laws.

Plaintiff, by an attorney at law, whose authority is presumed, appeared in the action and served its complaint, in which it alleged that it was a corporation, and this is admitted by the answer by failure to deny. It is also alleged in the complaint, and admitted by the answer, that defendant was employed by the plaintiff and received from it certain moneys for the purpose specified in the complaint; and in his testimony defendant concedes a liability to the extent of $114 on the cause of action alleged in the complaint.

The real issue involved in the action between plaintiff corporation and defendant is as to what extent defendant is indebted to plaintiff. The purpose of the pleadings is to formulate the material issues involved in the alleged cause of action, and of the trial to determine those issues. The matter alleged and attempted to be proved does not constitute a defense to the cause of action alleged in the complaint, but only seeks to put the authority of plaintiff's attorney in question by the answer and make it an issue to be passed upon at the trial. The anomaly of a proceeding to try out on the trial whether the party is in court or not is apparent. If he is not in court, no finding in the action is binding upon him. If the plaintiff in the suit at bar is not in court for the purpose of recovery, it cannot be in court for the purpose of having judgment awarded against it on the alleged cause of action, and costs imposed, as was done in this case. The authority of the attorney is presumed; if questioned, it must be by motion, not by answer. Commissioners of Excise for the City and County of New York v. Purdy, 13 Abb. Prac. 434; Nelson v. Thompson et al., 7 Cush. (Mass.) 502; Turner v. Caruthers, 17 Cal. 431; Hall v. Southwick, 27 Minn. 234, 6 N. W. 799; Robinson v. Robinson, 32 Mo. App. 88. In North Baptist Church of Staten Island v. Parker, 36 Barb. 171, the court says, on page 175:

"In any action brought to enforce a right or redress a wrong, it must be assumed that the plaintiff is present in court, and has a standing therein by his own voluntary act. It can proceed upon no other hypothesis. The complaint speaks in the name of the plaintiff. It is the plaintiff himself that complains of the acts or omissions of the defendant. The answer must contain matter which is a defense to the allegations of the complaint. It may allege the want of capacity in the plaintiff to sue, or facts in bar or avoidance of the allegations of the complaint, so as to justify or excuse whatever is alleged. But it cannot set up that the plaintiff is not present in court; that some one else is using his name to institute and prosecute the action without his authority or sanction. Such an answer would not meet a single allegation of the complaint, and would form no issue for trial upon the pleadings.

An answer which should allege as a defense that the attorney was not authorized to bring the action, or, in an action in the name of a corporation, which should set up that it was brought without the authority or knowledge of its managers or directors, would be treated and struck out as sham, simply because such an answer would not meet the allegations of the complaint,. or lead to an issue which could be tried."

To the same effect is People v. Lamb, 85 Hun, 171, 173, 32 N. Y. Supp. 584.

Judgment reversed, and new trial ordered, with costs to appellant to abide the event.   All concur.