## THE PEOPLE *vs.* CLARK and GORTON.

The validity of a bond given for the appearance of a defendant, upon an adjournment of proceedings in bastardy, is not affected by the circumstance that one of the justices before whom the proceedings are had, and the bond given, had been previously employed by the defendant as his counsel, in the case.

Where, on the day, and at the place, specified in the condition of such a bond for the appearance of the accused, another justice was associated with the one who issued the warrant, instead of F. who had previously acted as associate justice, in taking the bond, and F. was present on the adjourned day, acting as the counsel of the accused, and consented to the substitution; *it was held* that this consent was binding on the accused; and that it was competent for him, by his counsel, to waive all objection arising from the substitution of another justice in the place of F.; which he had done by giving such consent.

Where a bond of this description is in the name of the people as obligees, it may be prosecuted in their names. If not prosecuted by the proper officer, the remedy is by motion.

THIS action was brought upon a bond given for the appearance of the defendant Clark before two justices, upon adjournment of the proceedings in a bastardy case. Breach, the non-appearance of Clark before the justices named, at the time and place specified in the condition, although the justices were then and there duly convened for the purpose of having an examination and adjudication. The bond was to the people. It was dated April 20th, 1852, was in the penalty of $1000, and recited that the defendant, Thomas Clark, had on that day been brought before Benjamin B. Sutton and Thomas Finnegan, two

The People *v.* Clark.

of the justices of the peace of the county of Seneca, charged upon the oath of Elizabeth Wilson with being the reputed father of a bastard child of which she had been delivered. That the said justices had associated together, pursuant to the statute, to examine the matter, and adjudicate respecting the filiation and maintenance of such bastard child, and that at the request of Clark the said justices had determined to adjourn such examination until the 20th day of May then next. The condition was that Clark should personally appear before the said justices on the 20th day of May, 1852, at ten o'clock in the forenoon, at &c., and not depart therefrom without leave of said justices. The answer denied the allegations in the complaint, and alleged that Benjamin B. Sutton and *James Foster*, Esqrs. convened at &c., on the day specified in the bond, instead of Sutton and *Finnegan*, for the examination of Clark ; and that if Clark was solemnly called he was called by said Sutton and Foster; and not by said Sutton and Finnegan, as alleged in the complaint. The plaintiffs, in their reply, alleged that the said Thomas Finnegan, between the 20th day of April and the 20th day of May, 1852, became the attorney and counsel of the said Thomas Clark in respect to the proceedings, pending before the said justices. And that the said Benjamin B. Sutton and James Foster, Esqrs., convened on the said 20th day of May, by reason of the said Finnegan having become counsel as aforesaid; and that said Finnegan was present when they so convened, as the attorney and counsel of the said Thomas Clark, and assented to the said James Foster being associated with the said Benjamin B. Sutton in the place of the said Finnegan.

The cause was tried at the circuit in Seneca county, in September, 1853, before Justice SELDEN and a jury. The jury brought in a verdict, subject to the opinion of the court, by which they found that the defendants did make and execute a bond as described in the complaint, and that on the day and at the place mentioned in the condition of said bond for the appearance of the said Thomas Clark, the said Benjamin B. Sutton, who associated James Foster a justice with him in place

of Thomas Finnegan, Esqr. in the presence and hearing of the said Finnegan, who was sitting at the table with said justices as counsel for said Thomas Clark, called the said Clark, who did not appear but made default. But he the said Finnegan was then the counsel of the said Thomas Clark and was then assuming to act as such counsel and not as a part of the court, but consented to the associating of said Foster as aforesaid. When the plaintiffs rested, the defendant's counsel moved for a nonsuit upon the following grounds : 1st. That this action could not be sustained in the name of the people. 2d. If the action could be sustained in their names, the names of the persons for whose benefit the action was brought, ought to have been stated in the complaint. 3d. The people had no right to prosecute this action by D. Herron, as their attorney ; that the bond could be prosecuted only by the attorney general or district attorney. 4th. No default on the part of Clark had been proved ; that there was no court convened on the 20th of May before whom he could appear ; that the justices who took the bond should have convened on that day, and that Sutton had no power to associate Foster with him. The justice overruled the motion for a nonsuit and the defendant's counsel excepted.

*D. Herron,* for the plaintiffs.

*T. Finnegan,* for the defendants.

*By the Court,* T. R. STRONG, J. The validity of tne bond is not, in my opinion, affected by the circumstance that Finnegan, the associate justice, had, when the bond was taken, been employed by the defendant Clark as Clark's counsel in the case. It is provided by statute, (*Laws of* 1847, *ch.* 280, § 31,) that " no judge of any court shall have a voice in the decision of any cause in which he has been counsel, attorney, or solicitor, or in the subject matter of which he is interested," but that provision does not reach the present case. If applicable to a justice, in such a proceeding, it relates only to a decision of the

The People *v.* Clark.

cause. In the absence of any other statute prohibition embracing the case, I think Finnegan was not absolutely disqualified as such justice because he was Clark's counsel. Clark has no reason to complain, nor his co-defendant, any more than Clark himself.

It is found by the jury, that on the day and at the place specified in the condition of the bond for the appearance of Clark, the justice Foster was associated with the justice who issued the warrant, with the consent of Finnegan, who was present acting as Clark's counsel in the matter. I think this consent was binding on Clark, and that it was competent for him by his counsel to waive all objection arising from the substitution of another justice in the place of Finnegan. The consent given was such waiver. The operation of the consent and substitution was, to make Foster an associate justice, with like effect as if he had been associated originally. Foster, being a justice of the peace of the county, might have been associated in the first instance; he had full power under the statute to act, on being associated; and no ground of objection to him as associate justice existed, except that another had been called on and acted as such. This might be removed by consent. The consent did not confer any power on Foster; it simply authorized his substitution.

The bond was in the name of the people as obligees; and might be prosecuted in their names; if not prosecuted by the proper officer the remedy was by motion.

In my opinion, the plaintiffs are entitled to judgment on the verdict.

[MONROE GENERAL TERM, December 3, 1855. *Selden, T. R. Strong* and *Welles*, Justices.]