The Board of Commissioners of Excise for the City and County of New York *vs.* Purdy.

Where the facts submitted warrant it, the court may, by virtue of the general power which courts exercise over their officers, order the plaintiff's attorney to show his authority to bring the suit.

But the court will not exercise the power, so far as to dismiss the suit, in an action brought by commissioners of excise, for a penalty, under the act to suppress intemperance, &c. in behalf of a defendant whose only ground of making the motion is that no complaint was made to the excise commissioners before the commencement of the action, that the defendant had violated the statute, and that the commissioners have not authorized the bringing of the suit. Leonard, J. dissented.

The only order the court will grant, in such a case, is an order to *stay the proceedings*, until further order.

And *it seems* that on showing to the court a state of facts that would prevent his collecting them of the plaintiffs, the defendant may ask for security for costs.

APPEAL from an order made at a special term, dismissing the complaint, with costs to be paid by the plaintiff's attorney, on the ground that the action had been brought without authority. The action was brought to recover a penalty of $50, for an alleged violation of the "Act to suppress intemperance, and to regulate the sale of intoxicating liquors," passed April 16, 1857, (*Laws of* 1857, *vol.* 2, *ch.* 628,) in selling spirituous liquors or wines, in quantities less than five gallons, without a license. The application to dismiss was made by the defendant, on an affidavit stating that no complaint had been made to the excise commissioners, before the commencement of this suit, that the defendant had violated the statute, and showing that the commissioners had not authorized the bringing of the same.

*Sickles & Cushing,* for the appellants.

*James M. Smith,* for the respondent.

Ingraham, P. J.   The motion in this case was to dismiss the complaint and direct the attorneys to pay the costs. The

plaintiff's attorneys, if they had any authority to bring the actions, could have shown it on the motion, and there was no necessity for an alternative order that they should produce such authority or the actions should be dismissed.

The difficulty with me on this appeal is as to the right of the defendant to make the motion. In *Thayer* v. *Lewis and others* (4 *Denio*, 269) a motion similar in all respects was made, and denied upon the express ground that the defendants could not object that the suit was prosecuted by a third person, in the name of the overseers of the poor, without their consent. That the overseers alone had the right to complain that their names had been improperly used. And in the same case it was held that the overseers alone could object that they had not neglected to prosecute for ten days, before their names could be used by a third person. Bronson, Ch. J. says: "We think the defendant has nothing to do with the matter."

So far as the liability for costs would exist, the plaintiffs are alone interested. If, after notice to them of bringing such actions, they refuse to take measures to stop them, they will be liable for costs. In the cases of *The Ninety-nine Plaintiffs* v. *Vanderbilt*, (1 *Abb.* 193,) the court required the attorney to exhibit his authority. That case was in conflict with the case in 4 *Denio*, but the court say the defendant cannot insist upon the exercise of the power by the court to compel the production of the attorney's authority, but must ask for the exercise of the discretion of the court, and submit to the terms which the court may impose. The question whether the defendant could make the motion, was not discussed. In most, if not all the cases cited, the motion was made by the plaintiff to stop the use of his name as plaintiff. This power is not doubted; nor do I doubt that the court has authority, if the facts submitted warrant it, to call on the plaintiff's attorney to show his authority, by virtue of the general power which the court exercises over its officers; but I do doubt whether the court should exercise such

a power in behalf of a defendant whose only ground of making the motion is, that no complaint has been made to. the board of commissioners of excise, previous to bringing the action.   If any injustice was to be done to the defendant by the prosecution, if any rights were to be violated, if any property was to be unjustly taken from him by such act of the attorney, the court should interfere, but not otherwise. At any rate, under the decisions, no other order should be made than to *stay the proceedings* until the further order of the court.   And the defendant might perhaps ask for security for costs,. on showing to the court a state of facts that would prevent his collecting them of the plaintiff.

CLERKE, J. concurred.

LEONARD, J. (dissenting.)   A further examination induces me to adhere to the views expressed in my opinion when this motion was before me at special term, now reported in 22 *How. Pr. Rep.* 312.   The plaintiff's attorneys were fully notified by the moving papers that their authority to commence this action was disputed.   They omitted to show any retainer, and put themselves upon the ground that the court had no power to require them to do so.   Under the circumstances, it was a confession that they were without authority from the board.

No proof was offered that the board had refused to prosecute for ten days after complaint, accompanied with reasonable proof of a breach of the law, so that some other party had thereby acquired the right to prosecute in the name of the board, under the provisions of the law.

The action being strictly penal, it cannot be assumed, without evidence, that the right to prosecute has been so acquired by any informer.   Had there been a complaint made to the board, the name of the informer could then be ascertained, and it would afford some security to the party prosecuted and to the public, against malicious actions.   If every

Commissioners of Excise of New York *v.* Purdy.

one may prosecute in the name of the board, unless the board choose to object, the provision in respect to laying the complaint before the board, with reasonable proof of a violation of the law, is nullified, and its effect abrogated by the construction of the courts. The board have no property. A judgment recovered against them for costs will not insure collection.

These reasons, with those adverted to by me at special term, confirm me in the opinion then expressed, that the law has imposed a condition with which informers must comply before they can prosecute, in the name of the board, for the recovery of penalties.

It may be that the ends of justice will be sufficiently attained by staying the plaintiff's proceedings, and I am therefore disposed to acquiesce in the modification of the order made at special term, which my brethren have thought proper to adopt.

It seemed to me at special term inconsistent, when the charge of prosecuting these actions without authority was not denied, not to dismiss them. If they were prosecuted without authority, as I think it evident they were, then the plaintiffs could not be held liable for costs, and the attorneys stood confessed as the instigators of the actions, and of course justly liable for the costs.

Order modified so far as to direct a stay of proceedings until further order.

[NEW YORK GENERAL TERM, February 3, 1862.  *Ingraham, Clerke* and *Leonard*, Justices.]