DANIEL FAVILL, Respondent, *v.* GILBERT L. ROBERTS and CYRUS ROBERTS, Appellants, impleaded with LEWIS ROBERTS and others.

(GENERAL TERM, THIRD DEPARTMENT, JUNE, 1870.)

An executor obtained an order of Special Term for the sale of his testator's real estate, to satisfy liens thereon, and to pay legacies bequeathed by the will, and made a contract of sale under the order with the plaintiff's assignors. The heirs-at-law, who as such were entitled to the reversion after expiration of a life estate devised to the widow, believed the order valid, verbally sanctioned the contract, and by their actions and conduct induced the plaintiff to purchase under it; but after conveyance by the executor, they, as also the plaintiff, (who had improved the premises), ascertained that the order was invalid and, refusing to execute a deed of their interests, the plaintiff sued them to compel a conveyance, and had judgment with costs.—*Held*, that the defendants were estopped from disputing the agency of the executors in contracting for conveyance of their interests, and the judgment was affirmed.

Nor was the plaintiff precluded from the relief demanded by alleging in his complaint, that the defendants were estopped from denying the executors authority to convey.

APPEAL from a judgment in favor of the plaintiff, upon a trial at Special Term.

The action was brought against the appellants and others, the widow, heirs-at-law and legatees of John Roberts, deceased, to compel them to execute a conveyance of a farm of land in Schuyler county, which Lewis Roberts, one of the executors of the last will and testament of said John Roberts, had contracted to convey, and did, under an order of the Supreme Court, attempt to convey to the plaintiff.

The complaint averred the decease of John Roberts, in June, 1857, seized of the premises in question, and set forth his will, appointing the defendant, Lewis Roberts and others, executors, of whom Lewis, with William Roberts, 2d, had qualified. The will devised and bequeathed the testator's real and personal estate to his widow for life, and made several pecuniary and other bequests; but did not dispose of the residue and remainder of the estate. The testator left a widow, Margaret Roberts, and his children, Lewis, Cyrus, George, Gilbert L, Henry, and William Roberts, 2d, and Martha Jamison, surviving him. William Roberts, 2d, one of the executors, died in July, 1863, intestate, and Henry died intestate in October, 1865; each left a widow and children surviving him.

The complaint also averred that the surviving executor, Lewis Roberts, had, in November, 1865, entered into a contract with one Farrington, whereby the former had agreed to sell and convey to the latter the said premises for the sum of ten thousand dollars, one-half of which sum was to be paid on delivery of the deed, at a time specified, and the balance secured. That the contract had been assigned to the plaintiff, by Farrington; and that after the assignment, the plaintiff, having been assured by the executor (Lewis) that he had full power to sell and convey, and had obtained an order of the Supreme Court, giving him authority in that respect, on the 11th January, 1866, made the cash payments required by the contract, and took a deed from the executor purporting to grant the premises, and executed his bond with a mortgage thereon as security for the balance, and that with a portion of the moneys paid to the executor, the latter had satisfied mortgages existing upon the property, and which had been given by the testator, to the extent of two thousand two hundred dollars.

That after the conveyance, the plaintiff had purchased the interest of Martha Jamison in the property, upon learning that the executor was not authorized by the order of the court to convey. That a mortgage had been executed by Cyrus

Roberts to Henry Roberts in May, 1865, of the former's interest in the premises. That it was unrecorded at the time the plaintiff received the executor's deed, and that he (plaintiff) had then no knowledge of its existence.

That the plaintiff had presented a deed, conveying to himself the said premises, to the defendants for execution. That some of the defendants declined to execute it at all, and others refused to do so unless all should join. Various matters and acts of the defendants were averred, showing their acquiescence and co-operation in bringing about the sale of the · premises to the plaintiff, which are referred to in the opinion of the court.

Answers were made by the defendants, Cyrus and Gilbert L. Roberts, who admitted the contract of sale by the executor, but respectively denied any co-operation in making the contract, and any assent to the sale and conveyance, and they further claimed in defence, substantially, that they had themselves been mistaken as to the power of the executor to convey under the order obtained, supposing that the order gave him that power, and that all that had been done by them respecting said contract or sale had been, under the impression, that the order and contract and conveyance made in respect thereof, were valid and binding upon them.

The cause was tried at a Special Term held in Schuyler county, in June, 1869, before Mr. Justice BALCOM. It appeared upon the trial that since the commencement of the action the plaintiff had acquired the title of the widow and of all the heirs-at-law of the testator, except the three defendants, Gilbert, Cyrus and George Roberts.

It also appeared that Lewis Roberts, the executor, had presented a petition at a Special Term of the Supreme Court, setting forth that there were liens by way of mortgage upon the said premises, executed by the testator, and other matters not important to be stated, and on the 15th August, 1865, had obtained an order thereupon, for a sale of the said premises, the discharge of the mortgages, the investment of· the surplus during the life of the testator's widow for her benefit

in case she should refuse a gross sum, and the apportionment of the remainder among the several legatees.

The court, after hearing the proofs and allegations of the respective parties, found the following facts in addition to the admissions in the pleadings:

"1st. That the order of the Supreme Court mentioned in the complaint was obtained by the defendant, Lewis Roberts, and that after said order was obtained, the defendants above named consented to, and requested the said Lewis Roberts to act under said order in selling the premises mentioned and described in the complaint.

"2d. That the agreement mentioned in the complaint as having been entered into between the said Lewis Roberts and Sidney A. Farrington, for the sale and purchase of the premises mentioned in the complaint, was made and entered into between said parties on the 27th day of November, 1865. That said agreement was made and entered into by the said Lewis Roberts, for the sale of the said lands and premises of which the said John Roberts died seized, to said Farrington, at the request of the defendants above named, for their use and benefit, in common with the other heirs-at-law of said John Roberts, deceased.

"3d. That said Farrington and the plaintiff in this action, before the making and entering into said agreement, were informed by the defendant that the said Lewis Roberts was the one to do the business. That he was authorized to sell said lands and premises, and that the business must be transacted with him.

"4th. That the conveyance was made by the said Lewis Roberts on the 11th day of January, 1866, to the plaintiff, with the knowledge of the defendants, and without any objection by them, and that the plaintiff paid the sum of $4,848.48, and executed his bond and mortgage to the said Lewis Roberts on the said 11th day of January, 1866, in fulfillment of the agreement entered into between the said Lewis Roberts and said Farrington, on the 27th day of November,

1865, with the knowledge of the defendants, and without any objection on their part.

" 5th. That the money was paid, and the bond and mortgage was executed by the plaintiff in good faith, without any notice that there was any defect of authority in said Lewis. Roberts to convey said lands and premises.

" 6th. That after the payment of the money by the plain-' tiff to said Lewis Roberts, the said Lewis, on the 25th day of. February, 1866, out of said moneys paid two mortgages which were liens upon said lands and premises, at the time of the death of said John Roberts, amounting to the sum of $2,224.81, and caused said mortgages to be satisfied of record.

" 7th. That on this 16th day of June, 1869, there was due and unpaid upon the mortgage executed by the defendant, Cyrus Roberts, to Henry Roberts, deceased, mentioned in the complaint, the sum of $1,185.23.

" 8th. That on the 1st day of April, 1866, the plaintiff entered into the possession of said lands and premises under his deed from Lewis Roberts, fully believing that he had a perfect title to said premises, and was the owner thereof in fee with the full knowledge, and without any objection by the defendants, and commenced making valuable improvements upon said premises with the knowledge of the defendants, and without any objections by them or either of them. That prior to° the 1st day of June, 1867, the permanent improvements made by the said plaintiff upon said lands and premises amounted to the value of $350."

9th. That the plaintiff was the holder and owner of the bond and mortgage given by Cyrus Roberts to Henry Roberts herein before mentioned. That the mortgage given by the plaintiff to Lewis Roberts on the 11th day of January, 1866, had been satisfied by said Lewis Roberts, and the money paid to said. Lewis by the plaintiff, repaid to plaintiff by Lewis Roberts,. except so much thereof as was used by him in discharging the liens herein before mentioned, and the share or part of. said Lewis as heir-at-law of said John Roberts, in and to said moneys.

And among other things, as conclusions of law upon the foregoing facts and admissions in the pleadings as follows, viz.:

" That John Roberts died seized of the premises mentioned and described in the complaint.

" That said John Roberts duly made and published his last will and testament as mentioned in the complaint.

" That under the last will and testament of said John Roberts, deceased, the defendant, Margaret Roberts, his widow, took a life estate in and to all the real and personal property of which he died seized.

" That said John Roberts died intestate as to the remainder in fee of the said real estate after the termination of the life estate of his widow therein. That the legacies given in and by the last will and testament of said John Roberts, are not a charge upon the real estate of which he died seized.

" That the remainder in fee, after the termination of the life estate of the said widow, descended to the heirs-at-law of said John Roberts deceased, as tenants in common.

" That the plaintiff is seized of, and entitled to the life estate of said Margaret Roberts, widow, as aforesaid, and four-sevenths of the remainder in fee after the termination of the life estate of the widow of John Roberts deceased, therein.

" That the defendants, Gilbert L. Roberts, Cyrus Roberts and George Roberts, were, on the 27th day of November, 1865, seized of and entitled each, to one equal undivided seventh of the remainder in fee of the premises in question after the termination of the life estate of the widow, subject to the liens and encumbrances thereon.

" That the mortgage executed by Cyrus Roberts to Henry Roberts, bearing date the 20th day of May, 1865, to secure the payment of the sum of $922.37 and interest, was and is a valid lien upon the share or interest of the defendant, Cyrus Roberts, and, as against him, is entitled to preference and priority in payment.

" That the defendants, Margaret Roberts, Cyrus Roberts, Gilbert L. Roberts and George Roberts are in equity bound by the agreement entered into by Lewis Roberts with Sidney

A. Farrington, bearing date the 27th day of November, 1865, for the sale and conveyance of the lands and premises mentioned in the complaint of which the said John Roberts died seized, and are estopped from questioning the authority of the said Lewis Roberts to make and enter into said agreement.

"That the plaintiff should have judgment accordingly against the defendants, Margaret Roberts, widow, Cyrus Roberts, Gilbert L. Roberts and George Roberts, adjudging that the plaintiff is seized of and entitled to the life estate of the said Margaret Roberts in and to said premises of which the said John Roberts died seized, mentioned and described in the complaint in this action, and directing and requiring the defendants, Cyrus Roberts, Gilbert L. Roberts and George Roberts, and each of them, upon the plaintiff's indorsing upon the bond and mortgage held by him, and given by the defendant, Cyrus Roberts to Henry Roberts, deceased, bearing date the 20th day of May, 1865, to secure the payment of the sum of $922.37, and interest, the sum of $874.61 as of the 11th day of January, 1866, and paying and tendering to each of the defendants, Gilbert L. Roberts and George Roberts, respectively, the sum of $874.61, with the interest thereon from the said 11th day of January, 1866, at the time of said payment, to make and execute and deliver to the plaintiff a good and sufficient deed or deeds, conveying to the plaintiff all their right, title and interest in the lands and premises mentioned and described in said complaint, of which the said John Roberts died seized, in which said deed or deeds the said defendants must covenant that they are each seized of one equal undivided one-seventh of said lands and premises in remainder in fee, after the termination of the life estate of the widow therein, together with the usual covenants of warranty, and that the plaintiff have judgment against the said defendants, Cyrus Roberts, Gilbert L. Roberts and George Roberts, for his costs and disbursements in this action, since the order of the General Term granting a new trial in this action.

Favill *v.* Roberts.

The defendants duly excepted to certain findings of the court, which exceptions with the other questions raised are sufficiently stated and discussed in the opinion.

A judgment was entered upon the findings of the court, and the defendants, Gilbert L. Roberts and Cyrus Roberts appealed to the General Term.

*F. H. Benn,* for the appellants.

*D. B. Prosser,* for the respondent.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—MILLER, P. J. This action was brought for the purpose of procuring title to a farm of land described in the plaintiff's complaint, which the plaintiff had purchased of the executor of John Roberts, deceased, and which said executor had conveyed to the plaintiff under, and by virtue of an order of the Supreme Court, made upon the application of the executor for that purpose. The consideration money was paid and secured, by the plaintiff, according to the contract, and improvements had been made by him, when it was discovered that the Supreme Court had no authority to grant the order made for the conveyance of the property, and that the plaintiff's title was invalid. The plaintiff seeks in this action, to enforce a remedy against the heirs-at-law, and to compel a conveyance, upon the ground, that the executor acted by and with their consent and approbation, and that they encouraged the sale, and gave their assent to the contract entered into, and insists that they are thereby estopped from denying the authority of the executor to make the sale and conveyance to the plaintiff. Only two of the defendants, Gilbert L. Roberts and Cyrus Roberts, contest the plaintiff's right to a conveyance, and to maintain the action.

I entertain no doubt that the plaintiff's complaint sets forth a good cause of action ; and if it appears satisfactorily, that the defendants sanctioned the sale of the premises, and by

their actions and conduct induced the plaintiff to make the purchase, that the plaintiff has a remedy to compel them to convey their interest in the premises to him. They had a reversionary interest in the property, and having sanctioned a disposition of it, by which they are to be benefited, it is eminently just, that the equitable power of the court should be invoked, to compel them to stand by, and enforce, what they have assented to. A judgment of this character is not making a contract for the parties, which they never entered into, but simply compelling them to carry into effect, what they have virtually agreed should be done. Nor does it, in my opinion, in any way prevent the enforcement of the plaintiff's right, because the complaint alleges that the defendants " are estopped from denying the authority " of the executor to make the sale and conveyance to the plaintiff. The defendants having refused to unite in a conveyance to the plaintiff, and claiming that the plaintiff has no title to the premises, under the conveyance made to him, he has a right to bring an action to compel a conveyance of any interest which the defendants may claim in the premises. The cause of action of the plaintiff is complete, provided the findings of the court are sufficient to establish a case in accordance with the views expressed.

It is insisted by the defendant's counsel, that the several findings of fact by the court, upon which the conclusion is based, that the defendants are bound by the agreement entered into by the executor of the testator, for the sale of the land, are unsupported by the evidence.

After a careful examination of the evidence, I think that there is sufficient testimony to uphold the findings, to which exceptions are taken. There is strong evidence to sustain the conclusion, that after the order of sale was obtained, the defendant consented to, and requested Lewis Roberts to act under the order in selling the premises. Each of the defendants was present at different times after the order of sale was granted, while the negotiations were in progress; advised and consulted with the executor as to the price, the terms of

sale, and all the matters connected with it. They both knew all about the sale; referred to Lewis as the only person authorized to transact the business, and interposed no objection to the conveyance being executed. In fact, they participated with Lewis in making the bargain, and in consummating the contract. The price was discussed, and named by both the defendants, and other matters connected with the sale talked over. It was understood that the price could not, or would not be fixed without the assent and approbation of the defendants.

The evidence also establishes that after the sale on one occasion, Cyrus said it was right. At another time he stated that he had advised the sale; that Favill had bought it, and they would make a deed. He also told Lewis Sproul that he thought the sale well enough. He stated to Sunderlin, who held a note against him, on which he made a payment, that they had sold the place and he would pay the balance next spring. He also made declarations to other persons, to the effect that the place had been sold with his approbation and consent.

There is abundant testimony of Gilbert's declarations after the sale, signifying his assent to what had been done. Two witnesses swear that when Favill presented the deed to Gilbert, he said he supposed that the title was good, and if not, it might be made good. To another witness he admitted that he had told Lewis if he could get $10,000 to let the farm go.

These acts and declarations of the parties prior to the sale, during the negotiations and after the sale had been consummated, tend to establish that the defendants consented to and requested Lewis to act under the order in selling the premises. They also show that the court properly found that the agreement for the sale was made at the request of the defendants. It is true that the testimony of the plaintiff is contradicted in some material parts by the evidence of the defendants; but it is not enough that there was a conflict, to hold that the findings are unsupported by evidence. The circumstances sur-

rounding the case and the testimony to which I have referred, all uphold the conclusions of the court in the particulars stated. The other findings to which exceptions were taken are also sufficiently sustained by the testimony, and do not require any extended discussion. It is apparent, I think, that these defendants not only consented to the sale, but aided in bringing it about; and unless a rigid rule of law interposes, it would be unjust to deprive the plaintiff of the benefit to be derived from the sale.

The facts found by the court being abundantly supported by testimony, it follows that the conclusion that the defendants were in equity bound by the agreement for the sale of the land and are estopped from questioning the authority of Lewis to make and enter into said agreement, was correct and proper.

It is contended that the principle of estoppel does not apply to a case like the one now presented for our consideration, and that the decision of the court was therefore erroneous. We have been referred to some cases to support the position that an *estoppel in pais* is only a rule of evidence, and not a mode of enforcing contracts, and that it must relate to some matter of fact, and an admission as to the law, or as to the legal effect of a contract, never estops a party. (*Crawford* v. *Lockwood*, 9 How., 550, 551; *Brewster* v. *Striker*, 2 Coms., 19.) It is not necessary in this case to apply the doctrine of estoppel otherwise than as a rule of evidence affecting the question which arises as to the authority of Lewis Roberts to act as the agent of the defendants in making and executing the agreement in question. If they assented to the action of the executor in making the contract, then upon the application of the rule of evidence, which is well established, they are now estopped from denying the authority thus conferred.

It is manifest that these defendants desired a sale of the farm in question for the price agreed upon and paid and secured by the plaintiff. They believed that a valid sale could be made by the order of the court, and consented to the order being obtained or after it was obtained to the convey-

Favill *v.* Roberts.

ance made in pursuance thereof.   The sale was for the benefit
of all the defendants by their consent, and the conveyance
was made with their knowledge and acquiescence.   They had
a right to confer authority upon Lewis Roberts by parol, and
such an agency was sufficient to authorize a contract to sell.
(*Mc Whorter* v. *McMahan,* 10 Paige, 386; *Champlin* v.
*Parish,* 11 Paige, 405; *Newton* v. *Bronson,* 3 Kern., 587.)
In this case the agency was sanctioned by the defendants, by
standing by and allowing the plaintiff to pay the money to the
executor upon the sale and receive a deed for the premises
without objection or any pretence that it was wrong or claim-
ing any interest in the premises; in fact, by allowing the
plaintiff to make improvements upon the premises without
protest or setting up any claim of title to the property.

It matters not, in my opinion, that the executor acted
without authority in making the sale, and it does not modify
or destroy the effect of the consent conferred or invest the
defendants with the authority to repudiate the act because
the order was invalid and the sale conferred no title.   It may
be also remarked that in a case of this character, it is pecu-
liarly appropriate to invoke that principle of equity which is
well settled in the courts, that a person looking on and suffer-
ing another to purchase and expend money on land, without
disclosing or making known his claim to the land, will not be
permitted afterward to assert his legal title against such inno-
cent purchaser.   (*Wendell* v. *Van Rensselaer,* 1 John. Ch.
R., 354.)   Under the facts presented, the defendants should
not be allowed to repudiate the act of their agent, and are
estopped from questioning his authority.

I have examined the objections taken as to the evidence,
and am of the opinion that the court committed no error in
the admission of testimony or in refusing to strike out evi-
dence taken without objection.

As there was no error upon the trial, the judgment must
be affirmed with costs.

Judgment affirmed.