TOWN OF LYONS v. COLE *et al.*, appellants.

*Practice — unauthorized action — defendant may object. Towns — right of supervisor to bring action in name of.*

The town of Lyons at a town meeting, by a resolution, directed the supervisor " as supervisor," to bring an action to restrain commissioners to issue town bonds, from disposing of the town bonds until the rights of the town were protected. The supervisor employed attorneys who, with the acquiescence of the supervisor, brought an action in the name of the town, and instead of asking an injunction restraining the disposition of the bonds, assailed the authority of the commissioners to issue them, and demanded judgment that the decision of the county judge directing their issue be annulled and the bonds canceled, on the ground that the decision was based on insufficient evidence. *Held,* (1) that the action brought was not such as was authorized by the resolution ; (2) that the objection of want of authority could be raised by the defendants ; (3) that the action was not one that could be brought by the

supervisor in the name of the town without authority from the town; and (4) that the direction of the town meeting did not authorize a suit in the name of the town.

APPEAL from an order of the special term denying a motion to dismiss the action as unauthorized. The action was brought in the name of the town of Lyons against David F. Cole and others, commissioners appointed under Laws of 1869, chapter 907, and the acts amendatory thereof. The necessary facts appear in the opinion.

*W. F. Cogswell,* for appellant.

*H. L. Comstock,* for respondent.

MORGAN, J. The resolution of the town meeting directs and authorizes a suit to be brought by the supervisor of the town " as supervisor," to restrain the defendants, or either of them, from disposing of $150,000 of town bonds to the Sodus Bay, Corning and New York Railroad Company, or to their financial agent, DeWitt C. Parshall, until the rights of the town are protected, or for such other and further relief as the court may deem just and equitable.

The preamble recites that commissioners of the town fraudulently and corruptly delivered the bonds to the company without requiring a guaranty that the road should run through or near the village of Lyons, and conferred on Parshall authority to vote on the stock of the town, thereby rendering the commissioners powerless to protect the interests of the town.

The action, instead of asking for an injunction to restrain the disposition of the town bonds until the interests of the town are protected, assails the authority of the commissioners to issue the bonds, and demands judgment that the decision of the county judge should be annuled and the bonds canceled, on the ground that the decision was based on insufficient evidence to authorize it, and that the act of 1869, chapter 907, and the acts amendatory thereof, are unconstitutional, null and void.

It may be said that the town did not by the above resolution authorize any such action, nor is it brought in the name of the supervisor. It is assumed in the opinion of the justice at special term, that this suit was not authorized by the resolution, but it is decided that the defendant has no standing 'in court to challenge the attorney's authority to institute it, for which he cites *Thayer* v.

*Lewis,* 4 Denio, 269, and *Commissioners of Excise* v. *Purdy,* 36 Barb. 266. In the first of the above cases, BRONSON, J., says, that the overseers alone have a right to object that the suit is brought without their consent or without giving security for costs. The security was to be given to the overseers, when suit was brought by a third person, in their name, after ten days' neglect of the overseers.

In the case of the *Commissioners* v. *Purdy,* the same rule was declared, but the court intimated pretty clearly that there might be a state of facts which would authorize the court to arrest the suit, and the order finally granted did interfere with the action. As a general rule, the plaintiff alone has the right to interfere, and where the plaintiff is in a situation to speak, he should doubtless be made a party to the motion to dismiss the action for want of authority.

The right of the defendant to make the motion has never been denied, but it is very seldom granted. I have not the time to examine the numerous cases which may be found in the books of practice, where such a motion has been made on behalf of the defendant, but there are several in the English courts which may be cited· to show under what circumstances the motion will be granted.

In Lush's Pr. 224, the rule is thus stated: If an attorney commences an action without the plaintiff's authority, he is liable in a summary way or by action to *either* party who may happen to be aggrieved thereby. Thus, the defendant may set aside the proceedings and make the attorney pay his costs, and this may be done even after judgment against him, for if he ·paid the debt and costs, such payment would not be a discharge.

The right of either party to apply was distinctly asserted in *Hubbard* v. *Phillips,* 14 Law J. N. S. (Exch. 103). In *Thatcher* v. *D'Aguilar,* 11 Exch. 436, the court required the plaintiff to have notice. ALDERSEN, B., said that " the rule ought certainly not to be absolute without the plaintiff being called upon to answer."

In *Austin* v. *Hillard,* 15 Law J. (King's Bench), 299, the court refused an order setting aside the proceedings on motion of defendant, not because the application could not be entertained, but for other reasons. And in the *Common Pleas* the same rule is established as to motions of this character. *Phillips* v. *Higgins,* 2 Lown. Max. & Polock's Pr. Cas. 97, was a case where the motion was denied, because it involved a question which could not be tried on affidavits.

The question was considerably discussed in *Thames Railway Co.* v. *Hall*, 5 Man. & Gr. 274; 6 Scott's N. R. 342. ERSKINE, J., observed in the latter case (p. 357) : " Applications to the court to set aside proceedings on the ground of want of authority in the attorney have frequently been made and entertained, but in all those cases the applications have been sustained by both plaintiff and defendant. When this rule was moved for, I understood there were no *persons who were competent to give directions to the attorney.*" " Now (he says) the company, that is, the directors, appear by their attorney and answer that the action is brought under their direction." TINDAL, Ch. J., observed : " It is enough, however, to say that consistently with any thing that appears, there may have been an appointment under seal, and we will not assume that there has not been."

The courts in the United States have in many cases interfered on motion of defendant, where the suit has been instituted without authority. See *Bridgeton* v. *Bennett*, 10 Shep. 420; *King of Spain* v. *Oliver*, 2 Wash. C. C. 428; *Thomas* v. *Steele*, 22 Wis. 207; *Williams* v. *Butler*, 35 Ill. 544; *Ninety-nine Plaintiffs* v. *Vanderbilt*, 4 Duer, 632; *Hamilton* v. *Wright*, 37 N. Y. 505, WOOD-RUFF, J.

The electors are clothed with power at the annual town meeting " to direct the *institution or defense* of suits at law or in equity in all controversies between such towns and corporations, individuals or other towns." 1 R. S. 340, § 5, subd. 4. If the supervisor can *institute* a suit without such authority from the electors, then the cases show that he is entitled to be heard upon this motion, and his approval is a sufficient answer to this application.

The town has a corporate capacity to sue and be sued in the manner prescribed by the laws of this State, but have no corporate powers except such as are enumerated in the statute. 1 R. S. 337, §§ 1 and 2. In *Denton* v. *Jackson*, 2 Johns. Ch. 336, the chancellor observed : that " without a resolution, recorded by the town clerk, I do not think there would be requisite evidence of the vote of the town to commence a suit respecting its right." See *Cornell* v. *Town of Guilford*, 1 Denio, 510.

It will be also observed, that the statute gives the supervisor authority to prosecute in the name of the town or otherwise as may be necessary for certain penalties. 1 R. S. 349, § 2. And there are other special powers authorizing him to sue in the name of the

town for penalties and forfeitures. JEWETT, J., in *Cornell* v. *Town of Guilford, supra,* p. 513. These special duties and powers conferred by statute would authorize the conclusion that except in those special cases the supervisor could not institute a suit in the name of the town, and such is undoubtedly the result of the decision in the case cited from 1 Denio.

Now, who is to represent the town on this motion? The supervisor has made his affidavit and says, that he, as agent of the town and acting in its behalf under the resolution (hereinbefore mentioned), retained the attorney to bring the action.

This shows that the supervisor approves of the action, but his approval is not enough. The town should approve of it. Without a resolution of the electors, no one can come forward and begin the action in the name of the town. And if the supervisor cannot begin it, how can he ratify it afterward?

There is no one to serve with notice of motion to discontinue, except the attorney who has brought the action in the name of the town. In this respect the case is entirely unlike the cases cited by the respondent's counsel. The town of Lyon is not competent to appear as plaintiff, without a resolution of the electors in town meeting. The town has had nothing to do with the action, unless it is covered by the resolution of the 4th of March, 1873; and no one as yet is authorized to appear to object or to consent to its continuance except the defendants.

Where the plaintiff is *sui juris* or capable of instituting an action without restriction, it is for him and not for the defendant to question the authority of the attorney to institute it. Where the plaintiff can be reached, the practice is to make him a party to the motion. But if he has no legal right to commence the action without a special authority to do so, he cannot employ an attorney and thus accomplish indirectly what he cannot do directly. The attorney relies upon the plaintiff for his authority, and where it is shown that the plaintiff himself has no authority to confer, there seems to be no ground of principle upon which the suit can be maintained.

If, therefore, my brethren agree with me that the resolution of the town meeting did not confer authority to institute this action, it should have been dismissed, or an order granted staying the proceedings until the complaint was so amended as to conform it to the cause of action stated in the resolution of the town.

E. D. Smith, J. As the right of the town to sue depends upon the vote of the town meeting, the suit must obviously conform to the resolution of the town meeting. So far as it departs from such resolution it is unauthorized. The complaint in its whole scope is a clear departure from such resolution. Such error may be remedied by motion and the plaintiff required to conform the complaint to such resolution. If the want of authority appeared on the face of the complaint, the defendant, I think, might have moved to strike out as redundant or irrelevant all of those parts of the complaint that are not pertinent to the cause of action authorized by the town. But as the resolution authorizing the suit is not set out in the complaint, that mode of redress cannot be adopted. I think the only way to reach the departure of the complaint from the resolution is to reverse the order of the special term and make such order as the court below should or might have made, which was to stay proceedings in the action as was done in the case of the *Commissioners of Excise* v. *Purdy*, 36 Barb. 268; S. C., 13 Abb. 438, but with leave to the plaintiff to amend his complaint by conforming it to the cause of action stated in the resolution in the town meeting. Where the question is one of authority to commence the suit, the remedy by motion is sanctioned by the cases of *People* v. *Clark*, 21 Barb. 217, and *Supervisors of Schoharie* v. *Pindar*, 3 Lans. 14.

The amendment should be on terms.

Order of special term reversed with $10 costs, with leave given to plaintiff to amend on terms. All other proceedings stayed until the further order of the court on the amended complaint.

*Ordered accordingly.*