NEW YORK PRACTICE REPORTS. 113

Commissioners of Public Charities and Correction agt. Casiatir.

## N. Y. MARINE COURT.

THE BOARD OF COMMISSIONERS OF PUBLIC CHARITIES AND CORRECTION OF THE CITY OF NEW YORK agt. G. A. CASIATIR.

*Security for costs — When required to be given — Code of Civil Procedure, sections 3246-3271.*

Where the commissioners of charities and corrections of the city of New York, as overseers of the poor, bring a suit in the exercise of their powers, it is under the sanction of their oath of office, and every presumption of good faith attends the proceeding, and hence they are in such cases exempt from costs.

But where a volunteer impugns the acts of sworn officials, and brings actions in their names, founded upon an allegation of their neglect of official duty, he assumes the responsibility of costs, which under section 3246 of the Code of Civil Procedure may be awarded against him personally; and under the express provisions of section 3271 he may be required to give security for costs.

*Special Term, September,* 1881.

WILLIAM H. MUNDAY, as attorney for E. M. Rillings, commenced this action under section 30 of chapter 628 of the Laws of 1857, as amended, to recover the sum of fifty dollars, and charged that the plaintiff had, after notice to them that the defendant had violated the law, neglected or refused to sue for the penalty, and that thereby a right of action had accrued to said Rillings. The defendant asked that the plaintiffs, by said relator, be required to give security for costs.

*Joseph Bellesheim,* attorney for defendant, for motion. *A. C. Anderson,* of counsel.

*W. H. Munday,* for Rillings, opposed.

McADAM, *J.*— The commissioners of charities and corrections, as overseers of the poor, are intrusted with an office that requires discretion, and a trust that is to be exercised for the public good. When they bring suit in the exercise of their

powers, it is under the sanction of their oath of office, and every presumption of good faith attends the proceeding, and hence they are, in such cases, exempt from costs. But where a volunteer impugns the acts of sworn officials and brings actions in their names, founded on an allegation of their neglect of official duty, the most he can claim is that he is " a person authorized by statute to sue." He assumes the responsibility of costs which may be awarded against him personally (*Code of Civil Procedure*, sec. 3246), and under the express provisions of section 3271 he may be required to give security for costs (*See Board of Commissioners* agt. *Purdy*, 36 *Barb.*, 266).

There is no hardship in this, for if the action is well founded he will have no costs to pay; but if it should prove to be ill-founded, then the unfortunate defendant, who has been harassed by an unwarranted act of a stranger, who sets the machinery of the law in motion against him, will have some hope of obtaining at least part of the expense to which he has been subjected. The motion to require security for costs will, therefore, be granted.