# N. Y. MARINE COURT.

JACOB HESS, TOWNSEND COX and THOMAS S. BRENNAN, commissioners of public charities and correction, agt. JOHN APPELL.

THE SAME agt. THREE HUNDRED AND TWENTY OTHER DEFENDANTS.

*Excise law — Requisites of complaint and proofs to entitle party to use the names of commissioners of public charities and corrections in the prosecution of actions for penalties under the act of 1857, chapter 628, section 30 — What is reasonable proof.*

These actions were commenced by one R., under section 30 of the act of 1857 (*chap.* 628), which, in substance, provides that in case the overseers of the poor (in this county, the plaintiffs), whose duty it is to prosecute for any penalty incurred under the act to suppress intemperance and to regulate the sale of intoxicating liquors, shall neglect to prosecute for the period of ten days after complaint to them that any provision of said act has been violated, accompanied with reasonable proof of the same, that then any other person may prosecute therefor in their names, claiming that he had complied with the statute and that the commissioners had failed to perform their duty, and that he thereby acquired the right to use their names as plaintiffs. The commissioners base their omission to prosecute upon the insufficiency of the complaint and the proofs which accompanied it. From these proofs it appears that the complainant, who is a resident of Brooklyn, annexed to and made part of his complaint a printed copy of the City Record, containing the names of all the licensed liquor dealers of New York, about 9,000 in number, and all of these persons were charged in a general way with every conceivable violation of the excise act. R., the chief witness, resides in Richmond county, and two other persons named as witnesses are said to reside in the city of New York, but they fail to disclose their occupations, places of business or residence.

*Held*, that the relator, R., has not brought himself within the statute, that he has neither served the complaint nor furnished the proof required thereby, and that he had no authority to bring any action in the names of the plaintiffs founded on said complaint or proofs.

The complaint filed with the commissioners is not only unreasonable, but impracticable, and does not satisfy the requirements of the statute.

In such case the commissioners have the right to move to discontinue or dismiss the actions.

*Special Term, January*, 1882.

MOTION by the plaintiffs to dismiss the above actions.

*William H. Boyd*, corporation attorney.

*John R. Fellows*, for the excise board.

*William H. Mundy*, for the relator Rillings.

McADAM, *J.* — These actions were commenced by one Wil liam H. Mundy, as the attorney of one E. M. Rillings, under section 30 of the act of 1857 (*chap.* 628), which in sub- stance provides that in case the overseers of the poor (in this county the plaintiffs), whose duty it is to prosecute for any penalty incurred under the act to suppress intemperance and to regulate the sale of intoxicating liquors, shall neglect to prosecute for the period of ten days after complaint to them that any provision of said act has been violated, accompanied with reasonable proof of the same, that then any other per- son may prosecute therefor in their names.

Mr. Rillings claims that he complied with this provision of the statute, and that the commissioners, on the other hand, failed to perform their duty in the premises, and that he thereby acquired the right to use their names as plaintiffs in any action he might elect to bring against any of the persons complained of. The commissioners, by this motion, deny that they failed to perform their official duty, or that Rillings acquired any legal right to use their names in the prosecution of said actions, and they therefore ask that the actions be discontinued or dismissed. That they have the right to make such a motion, *see Thayer* agt. *Lewis* (4 *Den.*, 270); *Board of Commrs.* agt. *Purdy* (36 *Barb.* 266); *Town of Lyons* agt. *Cole* (3 *T. & C.*, 432). The question involved, therefore, resolves itself into the inquiry whether the commissioners received the complaint and proofs contemplated by the statute, and thereafter failed to prosecute the offenders named for the penalties imposed thereby, and whether by such neglect Rillings has succeeded to the right of performing for them

Hess agt. Appell.

the responsible duties which he claims they neglected. In dealing with this question, it must be remembered that the commissioners hold a high and responsible office that requires discretion, and a trust which must be exercised intelligently for the public good; that when they bring suit, or in the exercise of their best judgment decline to prosecute, their decision is given under the sanction of their official oath, and is presumptively correct, and the *onus* of proving the contrary is upon him who asserts it. The commissioners base their omission to prosecute upon the insufficiency of the complaint, and the proofs which accompanied it. From these proofs it appears that the complainant, who is a resident of Brooklyn, annexed to and made part of his complaint a printed copy of the city record, containing the names of all the licensed liquor dealers of New York, about 9,000 in number, and all of these persons were charged in a general way with every conceivable violation of the excise act. Rillings, the chief witness, resides in Richmond county, and two other persons named as witnesses are said to reside in the city of New York, but they fail to disclose their occupations, places of business or residence. The sweeping character of the complaint, aimed as it was against all the licensed liquor dealers of the city of New York indiscriminately, accompanied only by vague and indefinite proofs of a general character, made by non-residents and unknown persons, was insufficient under the statute to compel the commissioners to investigate 9,000 charges against 9,000 different individuals, doing business under licenses granted by the board of excise in conformity with the laws of the state, and to commence separate suits on each charge made. To hold that such a drag net, filed on one day, supported by proof of a general but indefinite character, constituted the complaint and proofs which the statute contemplated, would be to decide in effect that, upon receiving from any source what purports to be a complaint with proofs annexed, the commissioners within ten days must, whether the proofs be satisfactory or not, arbitrarily and without exercising their own

good judgment, prosecute every person the self-appointed complainant sees fit to designate, or in default thereof, delegate to him or to any person who appears in the role of a complainant, the liberty of prosecuting, in the names of the commissioners, any person or persons such complainant may from time to time select from the list presented, and this whether the person complaining is responsible or irresponsible, a resident or non-resident, or whether the complainant is actuated by honest impulses or mercenary motives. Such a decision would not only be unsound, but productive of mischievous results. But the statute permits of no such iniquitous interpretation, for it in terms requires " reasonable proof," and by construction exacts a " reasonable complaint " as well.

The complaint filed with the commissioners is not only unreasonable, but impracticable, and does not satisfy the requirements of the statute, for it not only requires the commissioners to pass upon 900 cases per day, but to bring a like number of suits during each of the ten days allowed by the statute, not excluding Sundays, a thing not only impracticable, but impossible.

Considering the fact that each suit brought would, in all probability, involve an expenditure of $100, this in the 9,000 cases would aggregate $900,000. The incurring of such a liability upon the mere complaint or suggestion of an irresponsible non-resident would not only be unjustifiable, but censurable in the extreme, and yet if the construction contended for by the relator is to prevail, all these things might happen ; and still he claims that, because the commissioners failed to prosecute within the ten days fixed by the statute, . that all the prosecuting powers of the commissioners passed to him, to the extent even of using their names in prosecutions against all or any of the 9,000 persons such complainant might see fit to select, with the power of discontinuing any of said actions when his ends or purposes were satisfied.

The supreme court in 13 Abbott's Practice (*p.* 439) aptly said : " Under this statute the legislature have required the

Hess agt. Appell.

party who turns informer and claims to make use of the names of the commissioners of excise as plaintiffs, to produce reasonable proof that the accused party has been guilty." This the complainant has, in my judgment, failed to do, the complaint being so general and the proofs so indefinite that no one person named could be singled out and convicted upon the same. To hold that Rillings, under such circumstances, succeeded to all the prosecuting powers and discretion of sworn public officials in respect to said 9,000 cases would be absurd.

The duties of the office held by the plaintiffs cannot be so easily transferred to or acquired by a stranger. The complainant has not shown enough to allow him to supersede the officials, who are by statute especially charged with the execution of the excise law. Under the circumstances, I hold that the relator Rillings has not brought himself within the statute; that he has neither served the complaint nor furnished the proofs required thereby; that he had no authority to bring any action in the names of the plaintiffs founded on said complaint or proofs; that the complaints herein must be dismissed with costs recoverable by the defendants from E. M. Rillings, the person on whose relation said actions were instituted, and that the plaintiffs be permitted to enter upon this decision similar orders in all other actions pending in this court and founded on the same complaint and proofs.